Brandon R. McKelvey (Cal. Bar No. 217002)
Alexander M. Medina (Cal. Bar No. 222015)
Timothy B. Nelson (Cal. Bar No. 235279)
MEDINA McKELVEY LLP
983 Reserve Dr.
Roseville, CA 95678
Tel: (916) 960-2211
Fax: (916) 742-5151
Email: brandon@medinamckelvey.com
        alex@medinamckelvey.com
        tim@medinamckelvey.com

Alfredo A. Bismonte (Cal. Bar No. 136154)
Ronald C. Finley (Cal. Bar No. 200549)
Kimberly P. Zapata (Cal. Bar No. 138291)
BECK, BISMONTE & FINLEY, LLP
150 Almaden Blvd., 10th Floor
San Jose, California 95113
Tel: (408) 938-7900
Fax: (408) 938-0790
Email: rfinley@beckllp.com
        abismonte@beckllp.com
        kzapata@beckllp.com


Attorneys for Plaintiffs
Margaret Tumampos on her behalf
and others similarly situated

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MARGARET TUMAMPOS ON HER BEHALF AND OTHERS SIMILARLY SITUATED,<br><br>                    Plaintiffs,<br><br>v.<br><br>CATHAY PACIFIC AIRWAYS LTD.<br><br>                    Defendant. | Case No. _____<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br><br>JURY TRIAL DEMANDED |

<u>**CLASS AND COLLECTIVE ACTION COMPLAINT**</u>

<u>**AGAINST CATHAY PACIFIC AIRWAYS LTD**</u>.

**I.**     <u>**INTRODUCTION**</u>

1.      Defendant Cathay Pacific Airways Ltd. ("Cathay Pacific") is an international airline that employs flight attendants in California and New York.  Cathay Pacific has had a practice for years of deducting amounts from Plaintiff Margaret Tumampos and other flight attendants' wages purportedly for certain federal and state tax deductions.  Cathay Pacific recently revealed to the California and New York flight attendants that the deductions the company had made from their pay for years were not authorized by law and were in error.  As a result, Cathay Pacific has admitted to violations of the Fair Labor Standards Act ("FLSA") and California's wage and hour laws which (1) require the full and prompt payment of all wages earned by employees and (2) prohibit unlawful deductions.  Consequently, Plaintiff and similarly situated current and former flight attendants have suffered unpaid wages, unlawful deductions, and other legal violations that have resulted in substantial financial damages, losses, and attendant penalties.

2.      Plaintiff bring this action individually and on behalf of similarly situated cabin crew, including all United States based flight attendants, employed by Cathay Pacific for violations of the FLSA and California law for failure to pay wages, unauthorized deductions, and for other wage and hour law violations.  Plaintiff brings a collective action claim under section 216(b) of the FLSA and class action claims under Federal Rule of Civil Procedure 23.

3.      In addition to making unauthorized deductions and failing to pay all wages, Defendant engaged in a systematic and common pattern and practice of failing to provide meal periods and rest periods to its California flight attendants in violation of the California Labor Code and applicable statutes and regulations.

4.      Cathay Pacific's unlawful conduct as described herein was and is willful, knowing, and intentional and designed to save money and to make its business more profitable, all at the expense of the flight attendants whom Defendant employs in California.  Thus,

Plaintiff seeks damages, penalties, attorneys' fees, and an injunction on behalf of herself and similarly situated flight attendants.

## II.        JURISDICTION AND VENUE

5.        This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201, *et seq*.

6.        This Court has supplemental jurisdiction under 28 U.S.C. § 1367 for all claims asserted under California law because these claims are part of the same case and controversy as the FLSA claims; the FLSA and California law claims derive from a common nucleus of operative fact; the California law claims will not substantially dominate over the FLSA claims; and exercising supplemental jurisdiction will be in the interests of judicial economy, convenience, fairness, and comity.

7.        This Court also has diversity subject matter jurisdiction over this class action under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), which confers federal jurisdiction over class actions where, as here, "any member of a class of Plaintiff is a citizen of a State different from any defendant" and the aggregated amount in controversy exceeds five million dollars ($5,000,000), exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d)(2) and (6).  This Court also has jurisdiction under 28 U.S.C. § 1332(d) because "one or more members of the class is a citizen of a state within the U.S. and one or more of the Defendant is a citizen or subject of a foreign state."

8.        The United States District Court for the Northern District of California has personal jurisdiction over the parties because Plaintiff submits to the jurisdiction of the Court and Defendant systematically and continually conducts business here and throughout California, including marketing, advertising, sales, and providing airline services directed to people and businesses in the class jurisdiction.

9.        This Court also has personal jurisdiction over Defendant because Defendant has: (a) transacted business through several locations in the United States including California and this district; (b) hired, employed, and paid Plaintiff in California, including this district; (c)

had operated flights arriving in and departing from this district; (d) maintained offices in the United States and California, including this district; (e) had substantial contacts with the United States and California, including this district; and (f) was engaged in improper labor practices, including improper withholding and diversion of employee wages in the United States and California, including this district.

10.     Venue is proper in this judicial district under 28 U.S.C. § 1391 (b) and (c) because Cathay Pacific has recruited employees within this district, conducted business, and has one or more offices within this district and a substantial part of the events giving rise to the claims arose in this district.

## III.    PARTIES

11.     Plaintiff Margaret Tumampos is an experienced flight attendant with over 28 years in the industry.  She has been employed full time and continuously by Cathay Pacific as a California-based flight attendant for over 10 years (from 2006 to the present).  At all relevant times Ms. Tumampos has been a resident of the Northern District of California.

12.     On information and belief, Cathay Pacific is a publicly traded Hong Kong corporation doing business in the Northern District of California, including maintaining an office on Post Street, San Francisco, California as well as an office and operations at San Francisco International Airport.

13.     Cathay Pacific markets itself as a major international airline employing 23,000 staff worldwide as of July 2016.  On information and belief, Cathay Pacific and its subsidiaries employ 26,000 staff in Hong Kong where 16,600 are Cathay Pacific staff while a further 9,400 work for Cathay Pacific local subsidiaries, making Cathay Pacific and its subsidiaries one of Hong Kong's biggest employers.

14.     Defendant Cathay Pacific was at all relevant times Plaintiff's and other similarly situated flight attendants' employer, as it exercised control over the wages, hours, and/or working conditions of Plaintiff and other flight attendant employees.

15.     Defendant, and each of them, have now and/or at all times mentioned in this Complaint approved, ratified, acquiesced, aided, or abetted the acts and omissions alleged in this Complaint.

16.     Defendant proximately caused Plaintiff to be subjected to the unlawful practices, wrongs, complaints, injuries, and/or damages alleged in this Complaint.

**IV.     GENERAL ALLEGATIONS**

17.     All relevant times, Cathay Pacific has employed hundreds of flight attendants in California and New York.  On information and belief, Cathay Pacific currently employs approximately 600 flight attendants in California.

18.     From 2006 to approximately September 2016, Cathay Pacific recruited employees to be flight attendants who would be willing to work out of California to help operate flights between Hong Kong and California.  At all relevant times Cathay Pacific informed these prospective employees that they would have to be United States citizens, United States "Green Card" holders, or otherwise already authorized to work in the United States of America to be considered for such employment. At all relevant times Cathay Pacific required its US-based flight attendants to be fluent in a foreign language in addition to English. Cathay Pacific also represented to these employees that they would be considered employees of the state they were in and subject to both federal and state law.

19.     At all relevant times, including from at least 2006 until on or about September 2016, Cathay Pacific represented to its flight attendants that it was required to make regular deductions from their pay for Social Security and Medicare taxes pursuant to the Federal Insurance Contribution Act ("FICA").  Based on information and belief, Cathay Pacific represented to its flight attendants that these regular FICA deductions would qualify the flight attendants for Social Security and Medicare benefits and these benefits were offered to flight attendants to induce them to become employed or stay employed for the benefit of Cathay Pacific.

CASE NO. _____
CLASS ACTION COMPLAINT

20.     From at least 2006 until on or about September 2016, Cathay Pacific had a uniform policy and practice to deduct approximately 7.65% of Plaintiff's and other similarly situated flight attendants' wages purportedly as FICA deductions (hereinafter "FICA Deductions").

21.     At all relevant times, including from at least 2006 until on or about September 2016, Cathay Pacific represented to its California flight attendants that it was required to make regular deductions from their pay for State Disability Insurance ("SDI").  Based on information and belief, Cathay Pacific represented to its flight attendants that these regular SDI deductions would qualify the flight attendants for state disability and paid family leave benefits and these benefits were offered to flight attendants to induce them to become employed or stay employed for the benefit of Cathay Pacific.

22.     From at least 2006 until on or about September 2016, Cathay Pacific had a uniform policy and practice to deduct approximately 0.9% from the wages of Plaintiff and its other California flight attendants purportedly as California State Disability Insurance deductions (hereinafter "SDI Deductions").

23.     On or about September 21, 2016 Cathay Pacific prepared and circulated documents including a "Q&A" purporting to answer certain questions about Cathay Pacific's unlawful deductions (collectively, the "September 21, 2016 Letter") to its U.S. based flight attendants admitting that the deductions it regularly made to flight attendant wages for FICA and California SDI Deductions were not authorized under federal and state law.  A copy of the September 21, 2016 Letter is attached to this Complaint as **Attachment A** and incorporated by reference herein.  The September 21, 2016 Letter announced that Cathay Pacific had ceased to make FICA and SDI Deductions from flight attendant wages effective September 3, 2016. Although the September 21, 2016 Letter discusses giving back certain amounts deducted in some of the relevant years, the Letter falls far short of making the flight attendants whole for Cathay Pacific's unlawful deductions.  Nor does the Letter address any of the federal or state wage and hour law violations that resulted from years of unlawful and unauthorized deductions

from pay.  Even worse, the Letter left the flight attendants with confusing options, offered them incomplete relief, failed to solve problems related to federal and state benefit eligibility, and placed the burden on the flight attendants to sort out which of the incomplete and confusing options to choose from for potential partial relief related to Cathay Pacific's wrongdoing.

24.     In the Q&A, Cathay Pacific admits, among other things, that FICA deductions from flight attendant pay are not "lawful" as the flight attendants are "exempt" from these deductions and that the deductions "have been confirmed as erroneous."  Cathay Pacific further admits that to continue the practice of making these deductions "would be ignoring the law."  Similarly, with respect to California SDI deductions, Cathay Pacific admits that the flight attendants are "exempt" from these deductions that have been undertaken by Cathay Pacific.

25.     Based on information and belief Plaintiff alleges that on about October 7, 2016, Cathay Pacific unilaterally included in Plaintiff's wage payment, and the wage payments of other United States based flight attendants, the amounts that Cathay had previously deducted from Plaintiff and the other flight attendants' wages for purported FICA contributions from January 2016 to September 2016.  On information and belief, such payments did not include any FICA contributions made solely by Cathay Pacific.

26.     In the September 21, 2016 Letter, Cathay Pacific did not take a position on whether the previous deductions it made from flight attendant wages purportedly for contributions to FICA would remain intact: "[W]e are in a very unusual situation.  In view of the uncertainly, we have requested that SSA to provide a written opinion in this regard.  It is possible that the SSA will decline to comment, or it may take action to remove your earnings that have been credited for those years."

27.     On or about October 5, 2016 Cathay Pacific prepared another document and circulated it to the U.S.-based flight attendants employed by Cathay Pacific, including those based in California (the "October 5, 2016 Letter") which informed these employees of Cathay

Pacific's position on various compensation-related issues.  A copy of this document is attached to this Complaint as **Attachment B** and incorporated by reference herein.

28.    In the October 5, 2016 Letter, Cathay Pacific further admits that its withholdings from Plaintiffs were in error: "We are in a very unusual situation.  Technically, it was an error that the contributions were made for the past several years, yet it was done in what was considered at the time to be compliant, as we were not aware of the exemption.  Now that Cathay is aware of this exemption, the contributions must stop."

29.    The employment relationship of Cathay Pacific and its flight attendants are subject to both U.S. federal and state law, including California law.  Accordingly, Plaintiff and others similarly situated enjoy the protections of both federal and state law.

30.    Cathay Pacific concedes that its employment relationship with Plaintiff and its flight attendants is governed by United States law and relevant state law, such as California law, where Plaintiff was hired and works.  By way of example, in the October 5, 2016 Letter (**Attachment B**), Cathay Pacific states, "Cabin Crew employment is governed by U.S. federal law and the state of your base."  It also states, "You are based and employed in the U.S., your employment is governed by the applicable U.S. federal and state laws (regardless of where you interview was conducted).  Therefore, you are considered to be a 'U.S. employee.'"

31.    Cathay Pacific admits that it was in error and not authorized to make the Federal Deductions and State Deductions from relevant flight attendant wages from at least 2006 until September 2016.  From at least 2006 to the present, Cathay Pacific engaged in a systematic and common policy and practice of making unlawful deductions from flight attendants' wages.  Cathay Pacific withheld this compensation from Plaintiff and other flight attendants without telling them that they were exempt, that the deductions were erroneous, and that their entitlement to the federal and/or state benefits at issue was in question.  Because Cathay Pacific did not disclose the details of its unlawful federal and state deductions until September 2016, Plaintiff and other flight attendants had no way of knowing that they were being underpaid and not paid timely.

CASE NO. _____
**CLASS ACTION COMPLAINT**

32.     As a result of Cathay Pacific's knowing, willful, and intentional conduct in making unlawful deductions from their pay, Plaintiff and other similarly situated flight attendants have been cheated out of thousands of dollars in wages that they are legally entitled to, deprived of timely and full payment of their wages, and misled into believing that they qualified for certain federal and state benefits.  Plaintiff and other similarly situated flight attendants are entitled to back pay, damages, interest, attorneys' fees, and other penalties as a result of Cathay Pacific's failure to provide full, timely, and accurate wage payments and accurate itemized wage statements to physician employees in California.  Cathay Pacific has violated various provisions of the California Labor Code and Wage Orders, including, but not limited to, Labor Code sections 201–203, 221, 223, 226, 2802, and California Civil Code sections 1670.5, 3275, and 3369.

33.     Some or all of the violations of law described herein were and are knowing, intentional, and willful.  Cathay Pacific had a common policy and practice of making unauthorized deductions from flight attendants' pay.  Cathay Pacific has engaged in the conduct alleged herein in a uniform manner and the conduct alleged herein affects all US-based flight attendants.  Cathay Pacific is advised by sophisticated and informed legal counsel and human resources professionals who were, or should have been, aware of the wage payment, authorized deductions, and other requirements of the FLSA and state law.  Cathay Pacific therefore acted in knowing violation of the law.

34.     The result of Cathay Pacific's unlawful policies is that Cathay Pacific willfully failed to pay wages, recaptured paid wages, converted paid wages, made unlawful deductions from wages, diverted wages without authorization, failed to pay all wages due in a timely manner, issued inaccurate wage statements, and failed to pay all compensation due at the cessation of employment.  The fruit of these unlawful practices is millions of dollars unlawfully diverted from employees.

35.     Defendant also failed to provide Plaintiff and all other similarly situated California flight attendant employees with meal periods and rest periods compliant with California law.

36.     Due to Defendant's improper actions, Plaintiff and all other similarly situated California flight attendants are entitled to damages and penalties against Defendant of well in excess of $5,000,000 and within the jurisdictional minimum of this Court for this action.

## V.     COLLECTIVE ACTION ALLEGATIONS

37.     The FLSA Named Plaintiff brings the first claim (the "FLSA Claim") as a nationwide "opt-in" collective action pursuant to 29 U.S.C. § 216(b), on behalf of herself and the following class (the "FLSA Class"):

> All persons employed in the United States as cabin crew, flight attendant or similar job titles, at Cathay Pacific, at any time from three years prior to the filing of this action through the trial date (the "FLSA Class").

38.     The FLSA Claim may be pursued by those who opt in to this case, pursuant to 29 U.S.C. § 216(b).

39.     The FLSA Named Plaintiff, individually and on behalf of other similarly situated flight attendants, seeks relief on a collective basis challenging Cathay Pacific's unauthorized deductions, which resulted in unpaid wages.

40.     The number and identity of other plaintiffs yet to opt-in and consent to be a party plaintiff may be determined from Cathay Pacific's records and potential class members may easily and quickly be notified of the pendency of this action.

## VI.     CLASS ACTION ALLEGATIONS

41.     Plaintiff brings claims 2 through 12 as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23(b)(2) and (3) on behalf of herself and the following class (the "Rule 23 Class"):

> All persons employed in California as cabin crew, flight attendant or similar job titles, at Cathay Pacific any time from four years prior to the filing of this action through the trial date (the "Class Members").

42.     This action has been brought and may be properly maintained as a class action, pursuant to FRCP 23, because the class is sufficiently numerous, the Plaintiff is an adequate class representative, there is commonality of facts and issues, these common issues predominate over any individualized issues, and the class action mechanism is superior to any alternatives that might exist for the fair and efficient adjudication of these claims.

43.     **Numerosity:**  The proposed Rule 23 Class is so numerous that the individual joinder of all members is impracticable under the circumstances of this case.  While the exact number of class members is unknown to Plaintiff at this time, based on the number of flight attendants that Cathay Pacific has employed throughout the State of California during the applicable statutes of limitation, Plaintiff is informed and believes that there are at least 500 members in the Rule 23 Class.  Thus, joinder of all members of the Rule 23 Class is not practicable.

44.     **Adequacy:**  Plaintiff will fairly and adequately protect the interests of the members of the proposed Rule 23 Class.  Plaintiff resides in California, worked for Defendant in California at all relevant times, and is an adequate representative of the proposed Rule 23 Class as she has no interests that are adverse to those of absent class members.  Additionally, Plaintiff has retained counsel who has substantial experience in complex civil litigation and wage and hour matters, including class actions.  Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the class and have the financial resources to do so.  Neither the Plaintiff nor her counsel has interests that are contrary to or that conflict with those of the proposed classes.

45.     **Typicality:**  Plaintiff's claims are typical of the claims of the members of the proposed Rule 23 Class.  Plaintiff suffered harm and sustained damages arising out of Cathay Pacific's common course of conduct in violation of the law as complained of herein.  Plaintiff and all members of the proposed Rule 23 Class earned wages that Cathay Pacific failed to pay or timely pay them.  Defendant also failed to provide Plaintiff and all other similarly situated members of the proposed Rule 23 Class with all wages that were due at the time of

termination, where applicable.  Defendant also failed to provide Plaintiff and all other similarly situated members of the proposed Rule 23 Class with compliant meal and rest periods and accurate, itemized wage statements.  Defendant also failed to compensate Plaintiff and all similarly situated members of the proposed Rule 23 Class according to what Defendant represented to them at the start of employment and instead converted wages for purposes it now admits were unlawful.

46.  **Common Questions Predominate:**  Common questions of law and fact exist as to all members of the proposed Rule 23 Class and predominate over questions that affect only individual members of the proposed class.  These common questions of law and fact include, without limitation, the following:

a. Whether Rule 23 Class Members were fully and properly compensated;

b. Whether Defendant made unlawful deductions from the wages of Class Members;

c. Whether Defendant wrongfully withheld compensation from Class Members;

d. Whether Defendant failed to timely pay Class Members all wages when they were due;

e. Whether Defendant's failure to pay all compensation and its deductions from Class Member wages violate the California Labor Code;

f. Whether Defendant's failure to pay all compensation and its deductions from Class Member wages violate the California Unfair Competition Law;

g. Whether Defendant converted the wages of Class Members without authorization;

h. Whether Defendant is estopped from denying that it made unlawful deductions and failed to timely pay all wages of Class Members;

i. Whether Defendant provided all wages due to Class Members at the time of termination, in compliance with Labor Code sections 201–203, 221 and 223;

j.   Whether Defendant provided Class Members accurate, itemized wage statements, in compliance with Labor Code section 226;

k.   Whether Defendant provided Class Members with compliant meal periods; and

l.   Whether Defendant provided Class Members with compliant rest periods.

47.   **FRCP 23(b)(2):**  Class certification of the Rule 23 Class is appropriate under FRCP 23(b)(2) because Defendant has acted and/or refused to act on grounds generally applicable to the Rule 23 Class Members, making appropriate declaratory and injunctive relief with respect to Plaintiffs and the class as a whole.  The class members are entitled to injunctive relief to end Defendant's common, uniform, and unfair policies and practices as described herein.

48.   **FRCP 23(b)(3):**  Class certification of the Rule 23 Class is appropriate under FRCP 23(b)(3) because common questions of law and fact exist as to all members of the proposed Rule 23 Class and predominate over questions that affect only individual members of the proposed class and a class action is a superior mechanism to adjudicate the claims of the Rule 23 Class Members.

49.   **Predominance:**  Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.  Moreover, there are not unusual difficulties likely to be encountered in the management of this case as a class action.

50.   **Superiority:**  A class action is superior to other available means for the fair and efficient adjudication of the controversy since individual joinder of all members of the proposed Rule 23 Class is impracticable.  Class action treatment will permit a larger number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender.  Further, as damages suffered by each individual class member may be relatively small in comparison to the whole, the expenses and burden of the individual litigation would make it difficult or impossible for individual Rule 23 Class Members to redress the wrongs done to them, while an important public interest will be served

CASE NO. _____
**CLASS ACTION COMPLAINT**

by addressing the matter as a class action.  The cost to the court system of adjudication of such individualized litigation would be substantial.  Individualized litigation would also present the potential for inconsistent or contradictory judgments.

51.     Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## VII.     CLAIMS FOR RELIEF

### FIRST CLAIM

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

### 29 U.S.C. §§ 206, 216(B); 29 C.F.R. §§531.38, 531.35

### (As to Plaintiff and FLSA Class Members)

52.     Plaintiff incorporates by reference and re-alleges paragraphs 1 through 51 above as though fully set forth herein.

53.     At all times material herein, the Plaintiff and each member of the FLSA Class have been entitled to rights, protections, and benefits provided under the FLSA.

54.     The FLSA applies to employees engaged in commerce or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 206(a).

55.     Cathay Pacific is subject to requirements of the FLSA because Cathay Pacific and its employees are engaged in commerce.

56.     Cathay Pacific violated the FLSA by failing to pay the Plaintiff and each member of the FLSA Class all wages to which they were entitled as a result of unlawful deductions and kickbacks in violation of 29 U.S.C. § 206(a) and 29 C.F.R. §§ 531.38 and 531.35.

57.     Plaintiff and each member of the FLSA Class are victims of Cathay Pacific's uniform policies and practices as described herein.  Cathay Pacific applies these uniform policies and practices to all FLSA Class Members, including the named Plaintiff.

58.     The Plaintiff and FLSA Class Members are entitled to damages equal to their unpaid wages within the three years preceding the filing of this complaint because Cathay Pacific acted willfully and knew, or showed reckless disregard of whether its conduct was prohibited by the FLSA.

59.     Cathay Pacific has acted neither in good faith nor with reasonable grounds to believe that its actions complied with the FLSA.  Accordingly, Plaintiff and the FLSA Class are entitled to recover liquidated damages pursuant to 29 U.S.C. § 216(b).  Alternatively, should the Court find that Cathay Pacific acted in good faith, the Plaintiff and the FLSA Class Members are entitled to an award of pre-judgment interest at the applicable legal rate.

60.     As a result of Cathay Pacific's willful violations of the FLSA as described herein, compensation has been unlawfully withheld from the Plaintiff and FLSA Class Members.  Cathay Pacific is therefore liable for compensatory damages pursuant to 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, costs of this action, injunction, and such other legal and equitable relief as the Court deems just and proper.

**SECOND CLAIM**

**FAILURE TO PAY WAGES**

**VIOLATION OF LABOR CODE §§ 221, 223 AND**

**CIVIL CODE §§ 1670.5, 3275 AND 3369**

**(As to Plaintiff and Rule 23 Class Members)**

61.     Plaintiff incorporates by reference and re-alleges paragraphs 1 through 60 above as though fully set forth herein.

62.     It is unlawful for an employer to suffer or permit employees to work without paying all wages for work performed for each pay period, including failing to keep records of and correctly reporting wages earned.  Cal. Labor Code §§ 221, 223.

63.     It is also illegal for an employer to require a forfeiture or penalty against an employee's wages.  Cal. Civil Code §§ 1670.5, 3275, and 3369.

CASE NO. _____
CLASS ACTION COMPLAINT
15

64.     Defendant has failed to pay Plaintiff and Rule 23 Class Members for all wages that they have earned.  Further, Defendant has required Plaintiff and Rule 23 Class Members to forfeit wages earned or have assessed penalties against earned wages in the form of unauthorized and unlawful deductions.  As described in detail above, Plaintiff and other Rule 23 Class Members were not paid all of the wages that they earned and were entitled to because Defendant made illegal and unauthorized deductions from the wages of Plaintiff and other Rule 23 Class Members.  From at least 2006 to the September 2016, Defendant has continuously, consistently, and systematically failed to pay Plaintiff and Rule 23 Class Members in California all earned wages.

65.     From at least 2006 to September 2016, Defendant had a common policy and practice of failing to pay all earned wages due to Plaintiff and Rule 23 Class Members; making unlawful deductions from earned wages payable to Plaintiff and Rule 23 Class Members; and failing to disclose all aspects of the earned wages to Plaintiff and Rule 23 Class Members.

66.     Plaintiff and Rule 23 Class Members were entitled to and earned wages in a sum according to proof, as set forth above.  Defendant, therefore, owes Plaintiff and Rule 23 Class Members wages, and has failed and refused to pay the amount of wages owed.

67.     As a result of Defendant's unlawful acts, Plaintiff and the Rule 23 Class Members have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest, penalties, attorneys' fees, costs, and other appropriate relief under Labor Code sections 218.5 and 218.6.

**THIRD CLAIM**

**UNLAWFUL AND UNAUTHORIZED DEDUCTIONS FROM WAGES**

**LABOR CODE § 221**

**(As to Plaintiff and Rule 23 Class Members)**

68.     Plaintiff incorporates by reference and re-alleges paragraphs 1 through 67 above as though fully set forth herein.

**CASE NO. _____**
**CLASS ACTION COMPLAINT**

69.     Labor Code section 221 states that "[it] shall be unlawful for any employer to collect or receive from an employee any part of the wages theretofore paid by said employer to said employee."

70.     Labor Code 223 prohibits an employer from paying an employee less than a contractually obligated amount.

71.     At all relevant times herein, and as a general policy and practice, Defendant made unauthorized and unlawful deductions from Plaintiff's and the Rule 23 Class Members' earned wages, as fully alleged in paragraphs 19 through 28 above.  Defendant made unauthorized deductions from the wages that Plaintiff and other Rule 23 Class Members earned, including the FICA Deductions and California SDI Deductions described above.

72.     Defendant's unauthorized deductions from Plaintiff's wages violated Labor Code sections 221 and 223 and are therefore unlawful.

73.     As a result of Defendant's unlawful acts, Plaintiff and the Rule 23 Class Members have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest, penalties, attorneys' fees, costs, and other appropriate relief under Labor Code sections 218.5 and 218.6.

**FOURTH CLAIM**

**FAILURE TO TIMELY PAY WAGES**

**VIOLATION OF LABOR CODE §§ 204, 210**

**(As to Plaintiff and Rule 23 Class Members)**

74.     Plaintiff incorporates by reference and re-alleges paragraphs 1 through 73 above as though fully set forth herein.

75.     California Labor Code section 204, in relevant part, provides: "Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month shall be paid for between the 1st and 10th day of the following month."  Further, wages to weekly, biweekly, or semi-

1  monthly employees must be paid within seven calendar days following the close of the payroll
2  period.

3  76.   California Labor Code section 210, in relevant part, provides: "(a) In addition
4  to, and entirely independent and apart from, any other penalty provided in this article, every
5  person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b,
6  204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (1) For any
7  initial violation, one hundred dollars ($100) for each failure to pay each employee. (2) For each
8  subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for
9  each failure to pay each employee, plus 25 percent of the amount unlawfully withheld."

10  77.   From at least 2006 to the September 2016, Defendant failed to compensate
11  Plaintiff and Rule 23 Class Members for all of the wages that they earned and which were due
12  to them under Wage Order number 9 and the California Labor Code.  Specifically, Defendant
13  made unlawful deductions from the wages that Plaintiff and Rule 23 Class Members earned
14  (including the FICA Deductions and California SDI Deductions), and therefore did not pay
15  Plaintiff and Rule 23 Class Members all wages that were due in a timely manner under Labor
16  Code section 204.  Plaintiff and Rule 23 Class Members are entitled to recover compensation
17  for all wages that were earned but not paid by the Defendant, in an amount to be established at
18  the time of trial.

19  78.   As a result of Defendant's unlawful acts, Plaintiff and the Rule 23 Class
20  Members have been deprived of wages in amounts to be determined at trial, and are entitled to
21  recovery of such amounts, plus interest, penalties, attorneys' fees and costs, under Labor Code
22  sections 218.5 and 218.6.

23
24
25
26
27
28  **CASE NO. _____**
**CLASS ACTION COMPLAINT**

## FIFTH CLAIM

## WAGE STATEMENT VIOLATIONS

## VIOLATION OF LABOR CODE § 226

### (As to Plaintiff and Rule 23 Class Members)

79.     Plaintiff incorporates by reference and re-alleges paragraphs 1 through 78 above as though fully set forth herein.

80.     According to Labor Code section 226(a), an employer must provide an itemized statement to an employee, semi-monthly or at the time of each payment of wages, showing:

(1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three

1  years at the place of employment or at a central location within the State of

2  California.

3       81.    Plaintiff alleges that Defendant intentionally and knowingly failed to provide an

4  itemized statement or failed to provide an accurate and complete itemized statement showing

5  the requirements set forth in Labor Code section 226(a).  Defendant did not include accurate

6  amounts for earned wages and/or deductions from those wages that were due to Plaintiff and

7  the Rule 23 Class Members.  Defendant had a common, consistent, and systematic practice of

8  providing Plaintiff and Rule 23 Class Members with inaccurate wage statements in violation of

9  Labor Code section 226 because these wage statements did not accurately state the amount of

10  wages earned (both gross and net wages) that were due to Plaintiff and Rule 23 Class

11  Members, because Defendant made unlawful deductions (the FICA Deductions and California

12  SDI Deductions) from the wages that Plaintiff and Rule 23 Class Members earned and were

13  entitled to.

14       82.    Additionally, Plaintiff alleges that she and the Rule 23 Class Members suffered

15  injury as a result of Defendant's failure to provide accurate and complete information as

16  required by any one or more of items (1) to (9), inclusive, of Labor Code section 226,

17  subdivision (a), and Plaintiff and Class Members cannot promptly and easily determine (*i.e.*, a

18  reasonable person in Plaintiff's position would not be able to readily ascertain the information

19  without reference to other documents or information) from the wage statement alone all the

20  information required in Labor Code section 226.

21       83.    As a proximate cause of Defendant's failure to provide accurate itemized wage

22  statements, Plaintiff and Class Members were damaged in an amount to be proven at trial and

23  are entitled to penalties and attorneys' fees and costs.

24

25

26

27

28  **CASE NO. _____**
    **CLASS ACTION COMPLAINT**

**SIXTH CLAIM**

**WAITING TIME PENALTIES**

**VIOLATION OF LABOR CODE §§ 201-203**

**(As to the Plaintiff and Rule 23 Class Members)**

84.     Plaintiff incorporates by reference and re-alleges paragraphs 1 through 83 above as though fully set forth herein.

85.     An employer must pay an employee who is terminated all unpaid wages immediately upon termination, pursuant to Labor Code section 201.

86.     An employer must pay an employee who resigns all unpaid wages within 72 hours of the employee's resignation, pursuant to Labor Code section 202.

87.     Plaintiff and Rule 23 Class Members did not receive all wages that were earned and were due to them at the time of termination because Defendant made unlawful deductions (including the FICA Deductions and SDI Deductions) from the wages that Plaintiff and Rule 23 Class Members earned and were due.

88.     An employer who willfully fails to pay an employee wages in accordance with Labor Code sections 201 and/or 202 must pay the employee a waiting time penalty of the employee's daily rate of pay each day the wages are withheld, up to 30 days, pursuant to Labor Code section 203.

89.     Defendant failed to pay Plaintiff and the Rule 23 Class Members all wages that were earned and owed to them during the employment relationship, due to the fact that Defendant routinely and systematically made unlawful deductions from the wages of Plaintiff and Rule 23 Class Members.  Furthermore, Defendant knew or should have known of their obligation to pay Plaintiff and Rule 23 Class Members all wages that were earned and due. Thus, Defendant's failure to pay Plaintiff and the Rule 23 Class Members wages earned was in complete disregard of their obligations.  Such conduct shows Defendant's knowledge of its obligations to pay all wages owed upon termination and their willful refusal to do so.

CASE NO. _____
CLASS ACTION COMPLAINT

90.     As a proximate result of Defendant's conduct, Plaintiff and the Rule 23 Class Members who are former employees have been damaged and deprived of their wages and thereby seek their daily rate of pay multiplied by thirty days for Defendant's failure to pay all wages due.

**SEVENTH CLAIM**

**FAILURE TO PAY CONTRACTED WAGE**

**VIOLATION OF LABOR CODE § 223**

**(As to Plaintiff and Rule 23 Class Members)**

91.     Plaintiff incorporates by reference and re-alleges paragraphs 1 through 90 above as though fully set forth herein.

92.     California Labor Code section 223 provides that "[w]here any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."

93.     As a result of its unlawful deductions, Defendant paid Plaintiff and the Rule 23 Class Members a lower wage than the wage that Defendant promised to Plaintiff and the Rule 23 Class Members.  As described in detail above, Defendant routinely and systematically made unlawful deductions from the wages that Plaintiff and the Rule 23 Class Members earned and were due to them.  By making these unlawful deductions, Defendant failed to pay Plaintiff and the Rule 23 Class Members the wages that Defendant promised to Plaintiff and Rule 23 Class Members and to which Plaintiff and the Class Members were lawfully entitled to, in violation of Labor Code section 223.

94.     As a result of Defendant's unlawful acts, Plaintiff and Rule 23 Class Members have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest, attorneys' fees, penalties, and costs, under Labor Code sections 218.5 and 218.6.

**EIGHTH CLAIM**

**CONVERSION**

**(As to Plaintiff and Rule 23 Class Members)**

95.     Plaintiff incorporates by reference and re-alleges paragraphs 1 through 94 above as though fully set forth herein.

96.     Defendant violated various provisions of the California Labor Code, as explained in greater detail above, by making unlawful deductions from the wages that Plaintiff and Rule 23 Class Members earned and were entitled to.  By doing so, Defendant wrongfully took possession of monies belonging to Plaintiff and the Rule 23 Class Members.

97.     Plaintiff and the Rule 23 Class Members did not consent to Defendant's taking and retention of such funds.

98.     As a direct and proximate result of Defendant's conversion of Plaintiff and the Rule 23 Class Members' wages, they have sustained and will continue to sustain damage.  The precise nature and amount of such accrued and continuing damages is not known by Plaintiff and cannot be ascertained now, but such damages are, on information and belief, substantial.

99.     In committing the acts alleged herein, Defendant acted with oppression, fraud, malice, and willful conscious disregard of Plaintiff and Rule 23 Class Members' rights.

100.    Defendant's improper actions have placed into question Plaintiff and the Rule 23 Class Members' expectation of additional security in retirement, including pension, disability, and Medicare coverage.

101.    Defendant is a sophisticated, international airline that requires its flight attendants to be fluent in a foreign language other than English.  There is a great disparity of knowledge between Defendant and Plaintiff and the Rule 23 Class Members regarding employment requirements and labor laws.

102.    Plaintiff and the Rule 23 Class Members reasonably relied on Defendant's representations and actions including devoting years of service as employees to their detriment but now face a future with uncertain benefits and a history of improper withheld wages.

CASE NO. _____
**CLASS ACTION COMPLAINT**

23

103.    Defendant's conduct was therefore fraudulent, oppressive, or malicious within the meaning of Civil Code section 3294 in that Plaintiff and other Class Members were subjected to unjust hardship in willful and conscious disregard of their rights.  Further, the fraudulent, oppressive, or malicious conduct was known, approved, or authorized by Defendant's officers, directors, and/or managing agents.  Therefore, Plaintiff and other Class Members are entitled to an award of punitive damages against Defendant.

## NINTH CLAIM

## PROMISSORY ESTOPPEL

### (As to Plaintiff and Rule 23 Class Members)

104.    Plaintiff incorporates by reference and re-alleges paragraphs 1 through 103 as though fully set forth herein.

105.    From at least 2006 to September 2016, Defendant represented to Plaintiff and the Rule 23 Class Members that they qualified for and would receive certain FICA and California SDI benefits.

106.    Defendant should have reasonably expected that Plaintiff and the Rule 23 Class Members would have relied on the representation and promises that the deductions Defendant made from their pay for FICA and California SDI benefits would qualify them for said benefits.

107.    Plaintiff and the Rule 23 Class Members relied on Defendant's representations and promises that the deductions Defendant made from their pay for FICA and California SDI benefits would qualify them for said benefits to their detriment by accepting employment with Defendant and continuing that employment with Defendant.  Plaintiff and the Rule 23 Class Members were subject to unauthorized deductions for benefits for which they do not or may not quality.

108.    As a result, Defendant is estopped from denying that it owes Plaintiff and the Rule 23 Class Members the entire amount of wage deducted for FICA and California SDI benefits.

CASE NO. _____
CLASS ACTION COMPLAINT

109.     As a direct and proximate result of the promises of FICA and SDI benefits and Defendant's unauthorized deductions from wages for those benefits, Plaintiff and the Rule 23 Class Members have suffered damages in an amount to be proved at trial.

## TENTH CLAIM

## FAILURE TO PROVIDE MEAL PERIODS

## VIOLATION OF LABOR CODE §§ 512 and 226.7

### (As to Plaintiff and Rule 23 Class Members)

110.     Plaintiff incorporates by reference and re-alleges paragraphs 1 through 109 above as though fully set forth herein

111.     At all times relevant to this Complaint, Plaintiff and the Rule 23 Class Members were non-exempt hourly employees of Defendant, covered by California Labor Code sections 512 and 226.7 and the applicable Wage Orders.

112.     California law requires an employer to provide an employee an uninterrupted meal period of no less than 30 minutes in which the employee is relieved of all duties and the employer relinquishes control over the employee's activities no later than the end of the employee's fifth hour of work.  Cal. Labor Code §§ 226.7, 512; Wage Order Number 9, § 11; *Brinker Rest. Corp. v. Super. Ct. (Hornbaum)* (2012) 53 Cal.4th 1004.  An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second such meal period of not less than 30 minutes by no later than the end of the tenth hour of work.  *Id.*  If the employee is not relieved of all duty during a meal period, the meal period shall be considered an "on duty" meal period and counted as time worked.  A paid "on duty" meal period is only permitted when: (1) the nature of the work prevents an employee from being relieved of all duty; and (2) the parties have a written agreement agreeing to on duty meal periods.

113.     Plaintiff and the Rule 23 Class Members routinely worked in shifts long enough to entitle them to both first and second meal periods under California law.  Defendant, however, failed to provide Plaintiff and the Rule 23 Class Members a full, uninterrupted, and

off-duty 30-minute meal period for each five-hour period of work as required by law. Specifically, Defendant failed to provide Plaintiff and the Rule 23 Class Members with uninterrupted, off-duty, 30-minute first meal periods before the end of the fifth hour of work and second meal periods before the end of the tenth hour of work.

114.   Defendant also failed to provide premium wages to Plaintiff and the Rule 23 Class Members to compensate them for workdays they did not receive all legally required duty free meal periods.  Defendant employed policies, practices, and procedures that ensured their hourly, non-exempt employees would not receive all legally required meal periods or receive premium wages to compensate them for workdays Defendant did not timely provide all required meal periods.  This practice resulted in Plaintiff and the Rule 23 Class Members not receiving premium wages to compensate them for workdays that Defendant did not provide them all legally required meal periods, in violation of California law.

115.   Defendant's policies, practices, and procedures prevented Plaintiff and the Rule 23 Class Members from receiving all legally required meal periods or Defendant from providing such meal periods to Plaintiff and the Rule 23 Class Members during workdays that the employees worked six hours or more in one shift.

116.   Defendant employed policies and procedures that ensured Plaintiff and the Rule 23 Class Members did not receive any premium wages to compensate them for workdays that they did not receive all legally required meal periods.

117.   Defendant's unlawful conduct alleged herein occurred during the course of the employment of Plaintiff and the Rule 23 Class Members and such conduct has continued through the filing of this Complaint.

118.   Because Defendant failed to provide proper meal periods, Defendant is liable to Plaintiff and the Rule 23 Class Members for one hour of additional pay at the regular rate of compensation for each workday that meal periods were not provided, pursuant to California Labor Code section 226.7 and the applicable Wage Orders.

CASE NO. _____
CLASS ACTION COMPLAINT

119.     Plaintiff, on behalf of herself and other Rule 23 Class Members, seeks damages and all other relief allowable, including meal period premium wages for each workday Defendant failed to provide all required 30-minute uninterrupted meal periods, plus pre-judgment interest.

120.     Plaintiff and the Rule 23 Class Members are entitled to one hour of pay at their regular rate of pay for each workday Defendant did not provide them all required meal periods, plus pre-judgment interest.  Plaintiff and the Rule 23 Class Members are also entitled to attorneys' fees and costs, under Labor Code sections 218.5 and 218.6.

**ELEVENTH CLAIM**

**FAILURE TO PROVIDE REST PERIODS**

**VIOLATION OF LABOR CODE § 226.7**

**(As to Plaintiff and Rule 23 Class Members)**

121.     Plaintiff incorporates by reference and re-alleges paragraphs 1 through 120 above as though fully set forth herein.

122.     At all times relevant to this Complaint, Plaintiff and the Rule 23 Class Members were hourly, non-exempt employees of Defendant, covered by California Labor Code section 226.7 and the applicable Wage Orders.

123.     California law requires an employer to authorize or permit an employee to take a rest period of ten (10) net minutes for every four hours worked.  Labor Code § 226.7; Wage Order Number 9, § 12.  Such rest periods must be in the middle of the four-hour period "insofar as practicable."  *Id.*  If the employer fails to provide any required rest period, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each work day the employer did not provide at least one legally required rest period.  *Id.*

124.     Defendant failed to provide Plaintiff and the Rule 23 Class Members all required rest periods and failed to pay premium wages to Plaintiff and the Rule 23 Class Members to compensate them for each workday that they did not receive all legally required

rest periods.  Defendant employed uniform policies, practices, and procedures that ensured that Plaintiff and the Rule 23 Class Members would not receive all legally required rest periods. Specifically, Defendant regularly scheduled Plaintiff and the Rule 23 Class Members for shifts that would entitle them to first, second, and third rest periods under California law.  Yet Defendant failed to provide or make available to Plaintiff and the Rule 23 Class Members all rest periods required by law and/or failed to provide Plaintiff and the Rule 23 Class Members an ability to be paid for their missed rest periods.

125.    Defendant employed policies, practices, and procedures that ensured that Plaintiff and the Rule 23 Class Members did not receive any premium wages to compensate them for workdays that they did not receive all legally required rest periods.  Moreover, Defendant failed to provide a means by which Plaintiff and the Rule 23 Class Members could verify whether they were paid for their missed rest periods.

126.    This practice resulted in Defendant failing to pay Plaintiff and the Rule 23 Class Members premium wages to compensate them for workdays in which Defendant did not provide the employees with all legally required rest periods, in violation of California law.

127.    Plaintiff, on behalf of herself and the Rule 23 Class Members, seeks damages and all other relief allowable including rest period premium wages for each workday the employee was not provided with all required rest periods of ten net minutes, plus prejudgment interest.

128.    Pursuant to California Labor Code section 226.7 and the applicable Wage Order, Plaintiff and the Rule 23 Class Members are entitled to one hour of pay for each workday that Defendant failed to provide all required rest periods, plus prejudgment interest. Plaintiff and the Rule 23 Class Members are also entitled to attorneys' fees and costs, under Labor Code sections 218.5 and 218.6.

**CASE NO. _____**
**CLASS ACTION COMPLAINT**

**TWELFTH CLAIM**

**UNFAIR BUSINESS PRACTICES**

**VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ.**

**(As to Plaintiff and Rule 23 Class Members)**

129.     Plaintiff incorporates by reference and re-alleges paragraphs 1 through 128 as though fully set forth herein.

130.     "[U]nfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code."  Cal. Bus. & Prof. Code ("B & P") § 17200.

131.     Plaintiff and the Rule 23 Class Members were not provided all wages due to them, despite the fact that under the applicable Wage Orders and the California Labor Code, Plaintiff and the Rule 23 Class Members were entitled to such wages.  Plaintiff and the Rule 23 Class Members also were not provided legally compliant meal and rest periods or premium pay in lieu thereof.  In addition, Plaintiff and the Rule 23 Class Members were not provided legally compliant pay stubs, were not compensated for all wages earned upon termination, and were not paid for all wages in a timely manner during employment.

132.     Defendant had promised Plaintiff and the Rule 23 Class Members that they would be able to contribute to Social Security and SDI and receive all the attendant benefits thereto.  Plaintiff and the Rule 23 Class Members had reasonably relied upon such representations to their detriment.

133.     Plaintiff is also informed and believes and thereon alleges that such actions and/or conduct constitutes a violation of the California Unfair Competition Law ("UCL") (B & P § 17200 *et seq.*) pursuant to *Cortez v. Purolator Air Filtration Products Co.* (2000) 23 Cal.4th 163 and other case authority.

134.     As a direct and legal result of the Defendant's conduct, as alleged herein, pursuant to the UCL (including B & P § 17203), Plaintiff and the Rule 23 Class Members are

entitled to restitution as a result of Defendant's unfair business practices, including, but not limited to, interest and penalties pursuant to B & P sections 17203 and 17208, violations of Labor Code sections 201–204, 221, 223, 226, 226.7, and 510, all in an amount as yet unascertained but subject to proof at trial, for four years from the filing of this Complaint.

135.    Plaintiff herein takes upon herself enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing her to pay attorneys' fees from the recovery in this action.  Attorneys' fees are appropriate pursuant to Code of Civil Procedure section 1021.5 and otherwise.

136.    Plaintiff and the Rule 23 Class Members are entitled to an injunction and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.  Plaintiff brings this action as an individual and also as a member of the general public actually harmed and as a representative of all others subject to Defendant's unlawful acts and practices.

137.    As a result of their unlawful acts, Defendant has reaped and continues to reap unfair benefits at the expense of Plaintiff and the Rule 23 Class Members.  Defendant should be enjoined from this activity and made to disgorge these ill-gotten gains and restore them to Plaintiff and the Rule 23 Class Members pursuant to Business and Professions Code section 17203.  Plaintiff is informed and believes, and thereon alleges, that Defendant is unjustly enriched through their policy of not paying all wages owed to Plaintiff and the Rule 23 Class Members.

138.    Plaintiff is informed and believes, and thereon alleges, that Plaintiff and the Rule 23 Class Members are prejudiced by Defendant's unfair business practices.

139.    As a direct and proximate result of the unfair business practices of Defendant, Plaintiff, individually and on behalf of the Rule 23 Class Members, is entitled to equitable relief and injunctive relief, including full restitution and/or disgorgement of all wages that have been unlawfully withheld from Plaintiff and the Rule 23 Class Members (including, but not

limited to, any unlawful deductions from the wages of Plaintiff and the Rule 23 Class Members and premium payments for missed meal and rest periods) as a result of the business acts and practices described herein and enjoining Defendant from engaging in the practices described herein.

140.     The illegal conduct alleged herein is continuing, and there is no indication that Defendant will cease and desist from such activity in the future.  Plaintiff alleges that if Defendant is not enjoined from the conduct set forth in this Complaint, they will continue the unlawful activity discussed herein.

141.     Plaintiff therefore requests that the Court issue a preliminary and permanent injunction prohibiting Defendant from continuing its unlawful and wrongful conduct including but not limited to continuing to withhold from Plaintiff and the Rule 23 Class Members wages that they have earned; continuing to deprive Plaintiff and the Rule 23 Class Members from all meal period and rest periods (or premium compensation in lieu thereof) to which they are legally entitled; and from seeking and/or obtaining FICA refunds on behalf of Plaintiff and the Rule 23 class.

## PRAYER FOR RELIEF

144.     WHEREFORE, the FLSA named Plaintiff, on behalf of herself and all members of the FLSA Class, prays for relief as follows:

a.     Designation of this action as a collective action on behalf of the proposed FLSA Class, and prompt issuance of notice to all class members apprising them of the pendency of this action and their right to join pursuant to 29 U.S.C. § 216(b);

b.     A declaration that Defendant is financially responsible for sending notice to all members of the FLSA Class;

c.     Designation of Medina McKelvey LLP and Beck, Bismonte & Finley, LLP as the attorneys representing the putative collective action;

d.     Declaratory judgment that the practices complained of herein are unlawful under the FLSA;

**CASE NO. _____**
**CLASS ACTION COMPLAINT**

1        e.      An award of unpaid wages to be paid by Defendant to the FLSA Class;

2        f.       An award of compensatory damages pursuant to 29 U.S.C. § 216(b),

3  together with an additional amount as liquidated damages;

4        g.      Costs and expenses of this action, including reasonable expert and

5  attorneys' fees;

6        h.      Pre-judgment and post-judgment interest, as provided by law;

7        i.       Injunctive relief;

8        j.       Punitive and exemplary damages; and

9        k.      Any and all further legal and equitable relief deemed necessary, just, and

10  proper by this Court.

11      145.    And WHEREFORE, the Rule 23 Class Representative, on behalf of herself and

12  all members of the Rule 23 Class, prays for relief as follows:

13        a.      Certification of this action as a class action pursuant to FRCP 23;

14        b.      Designation of the Rule 23 Class Representative as a representative of

15  the Rule 23 Class;

16        c.      That Defendant, at its own expense, be ordered to provide full and

17  adequate notice as required in class actions to all members of the Rule 23 Class;

18        d.      That Defendant be ordered to pay all amounts owed to the Rule 23 Class

19  arising out of the actions complained of herein, including wages, penalties, interest, and costs;

20        e.      Designation of this action and the Rule 23 Class, respectively, as a

21  representative action and representative class under Cal. Bus. & Prof. Code § 17200 *et seq.*;

22        f.       That Defendant be ordered to make full restitution of all amounts it

23  received and/or retained from members of the Rule 23 Class, pursuant to Cal. Bus. & Prof.

24  Code § 17200 *et seq.*;

25        g.      That in addition to any constitutionally sufficient notice that is or might

26  otherwise be required in a class action under California law, Defendant be ordered to pay for

27

28

1   all necessary efforts to actually locate members of the representative class under Cal. Bus. &

2   Prof. Code § 17200 *et seq.*;

3           h.      That this Court determine, and provide declaratory judgment, that the

4   practices complained of herein were done willfully, knowingly, and intentionally;

5           i.      That this Court issue a preliminary and permanent injunctions, on terms

6   the Court may deem appropriate and necessary including as alleged above, prohibiting

7   Defendant from engaging in the practices complained of herein, requiring Defendant to make

8   appropriate reports to the Court or its appointed agent or expert regarding its compliance with

9   said injunction, and requiring Defendant to pay all costs associated with said monitoring of

10  said injunction;

11          j.      For attorneys' fees as provided by statute or common law;

12          k.      For costs of suit incurred;

13          l.      Pre-judgment and post-judgment interest, as provided by law;

14          m.      Injunctive relief;

15          n.      Punitive and exemplary damages; and

16          o.      For such other legal and equitable relief as the Court may deem just

17  and proper.

18  Date: October 26, 2016

19                                     _/s/ Alfredo A. Bismonte_____

20                                     Brandon R. McKelvey
    Alexander M. Medina

21                                     Timothy B. Nelson
    MEDINA McKELVEY LLP

22                                     983 Reserve Dr.
    Roseville, CA 95678

23                                     Tel: (916) 960-2211
    Fax: (916) 742-5151

24                                     Email: brandon@medinamckelvey.com
              alex@medinamckelvey.com

25                                           tim@medinamckelvey.com

26                                     Alfredo A. Bismonte
    Ronald C. Finley

27                                     Kimberly P. Zapata

28  **CASE NO. _____**
**CLASS ACTION COMPLAINT**

BECK, BISMONTE & FINLEY, LLP
150 Almaden Blvd., 10th Floor
San Jose, California 95113
Tel: (408) 938-7900
Fax: (408) 938-0790
Email:  rfinley@beckllp.com
        abismonte@beckllp.com
        kzapata@beckllp.com

1

## JURY DEMAND

2

Plaintiff demands a trial by jury on all claims and issues so triable.

3

4

Date: October 26, 2016

5

6

___/s/Alfredo A. Bismonte_____

7

Brandon R. McKelvey
Alexander M. Medina

8

Timothy B. Nelson
MEDINA McKELVEY LLP

9

983 Reserve Dr.
Roseville, CA 95678

10

Tel: (916) 960-2211
Fax: (916) 742-5151

11

Email: brandon@medinamckelvey.com
          alex@medinamckelvey.com

12

          tim@medinamckelvey.com

13

Alfredo A. Bismonte
Ronald C. Finley

14

Kimberly P. Zapata
BECK, BISMONTE & FINLEY, LLP

15

150 Almaden Blvd., 10th Floor
San Jose, California 95113

16

Tel: (408) 938-7900
Fax: (408) 938-0790

17

Email: rfinley@beckllp.com
          abismonte@beckllp.com

18

          kzapata@beckllp.com

19

20

21

22

23

24

25

26

27

28

CASE NO. _____
CLASS ACTION COMPLAINT