Brandon R. McKelvey
Alexander M. Medina
Timothy B. Nelson
MEDINA McKELVEY LLP
983 Reserve Dr.
Roseville, CA 95678
Tel: (916) 960-2211
Fax: (916) 742-5151
Email: brandon@medinamckelvey.com
         alex@medinamckelvey.com
         tim@medinamckelvey.com

Alfredo A. Bismonte
Ronald C. Finley
Jeremy M. Duggan
BECK, BISMONTE & FINLEY, LLP
150 Almaden Blvd., 10th Floor
San Jose, California 95113
Tel: (408) 938-7900
Fax: (408) 938-0790
Email: abismonte@beckllp.com
         rfinley@beckllp.com
         jduggan@beckllp.com
Attorneys for Plaintiffs, MARGARET TUMAMPOS, JONATHAN LAM,
AND CONNIE LAI on behalf of themselves and all others similarly situated

MAYER BROWN LLP
JOHN ZAIMES (SBN 91933)
*jzaimes@mayerbrown.com*
RUTH ZADIKANY (SBN 260288)
*rzadikany@mayerbrown.com*
350 South Grand Avenue, 25th Floor
Los Angeles, California  90071-1503
Telephone: (213) 229-9500
Facsimile:  (213) 625-0248

Attorneys for Defendant
CATHAY PACIFIC AIRWAYS LTD.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET TUMAMPOS, JONATHAN LAM, AND CONNIE LAI, on behalf of herself and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> CATHAY PACIFIC AIRWAYS LTD., <br><br> Defendants. | Case No. 4:16-CV-06208-CW <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Hon. Claudia Wilken <br><br> CMC Date: April 4, 2017 <br> Time: 2:30 PM |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to Federal Rule of Civil Procedure 26(f) and this Court's February 14, 2017 Order (ECF No. 36), Plaintiffs MARGARET TUMAMPOS, JONATHAN LAM, and CONNIE LAI ("Plaintiffs") and Defendant Cathay Pacific Airways Ltd. ("Defendant" or "Cathay") (collectively "the Parties"), by and through their respective counsel, hereby jointly submit this Joint Case Management Statement.

## I.    JURISDICTION AND SERVICE

### A.    Plaintiffs' Position:

This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1332(d)(2) and (6).  This is a civil action that satisfied the requirements stated in the Class Action Fairness Act of 2005 ("CAFA"), and removal jurisdiction under 28 U.S.C. §§1441(a) and 1446, the number of putative class members exceeds 100, and the amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs.  In addition, no issues exist with respect to personal jurisdiction or venue.  All parties have been served.

### B.    Cathay's Position:

Cathay disagrees that this Court has subject matter jurisdiction over all claims in this action.  Plaintiffs' FICA and SDI deduction-predicated claims are preempted by 26 U.S.C. § 7422 and barred by the California Constitution and related statutes.  This issue has been presented in Cathay's Motion to Dismiss Plaintiffs' First Amended Complaint (ECF No. 33), filed on February 10, 2017.

## II.    FACTUAL BACKGROUND AND DISPUTES

Plaintiff Margaret Tumampos filed the original complaint in this action on October 26, 2016.  Cathay filed a Motion to Dismiss Plaintiff's Complaint and, in the alternative, a Motion to Strike Portions of Plaintiff's Complaint on January 6, 2017 (ECF Nos. 22-24).  On January 27, 2017, Plaintiff Margaret Tumampos voluntarily filed a First Amended Complaint, which added plaintiffs Jonathan Lam and Connie Lai and amended the allegations and claims for relief.  The First Amended Complaint is the operative complaint.

Plaintiffs' First Amended Complaint alleges nine claims for relief: (1) failure to provide

meal periods in violation of California Labor Code section 512 and 226.7; (2) failure to provide rest periods in violation of California Labor Code section 226.7; (3) failure to timely pay wages in violation of California Labor Code sections 204 and 210; (4) failure to provide accurate itemized employee wage statements in violation of California Labor Code section 226; (5) failure to pay timely wages due at termination/waiting time penalties in violation of California Labor Code sections 201 through 203; (6) breach of contract; (7) unlawful deductions in violation of California Labor Code sections 221 and 224; (8) unfair business practices in violation of California Business and Professions Code sections 17200 *et seq.*; and (9) civil penalties pursuant to the Private Attorneys General Act (the "PAGA"), California Labor Code sections 2698 *et seq.*

### A.    Plaintiffs' Contentions:

Plaintiffs are California residents, based in California, who work for Cathay Pacific Airways Ltd. ("Cathay") as flight attendants only on flights from California to Hong Kong and back.  Plaintiffs do not work in any state in the United States other than California. Cathay has offices in California from which it recruits, hires, controls, supervises, and pays California-based flight attendants.  Cathay tells its flight attendants that they are California employees, admits that it is subject to California employment law, and purports to offer flight attendants the protections of California law, including California's wage and hour laws.  Cathay is a California employer in every sense of the word and California-based flight attendants are California employees and wage earners who deserve the protections of California employment laws.

Plaintiffs allege that they were not provided with meal and rest periods under California law.  Plaintiffs further allege that Cathay has violated California law by deducting certain state and federal taxes that Cathay has admitted it had no authorization to deduct.  Plaintiffs allege a class action based on Cathay's uniform policies and practices of (1) failing to provide meal and rest periods to flight attendants; (2) making illegal and unauthorized deductions from Plaintiffs' wages and the wages of other putative class members; (3) failing to provide accurate itemized wage statements; (4) breaching employment obligations; and (5) committing unfair business practices in violation of California Business and Professions Code section 17200 *et seq.*.  As a

result of Defendant's unlawful uniform policies and practices Plaintiffs and other putative class members were not paid all wages due in a timely manner (both during employment and upon termination), did not receive accurate itemized wage statements, and were subject to unauthorized deductions.  Plaintiffs and all aggrieved employees in California are entitled to unpaid wages, restitution, Labor Code penalties, civil penalties pursuant to the PAGA, interests, and attorneys' fees.

**B.      Cathay's Response to Plaintiffs' Allegations:**

Plaintiffs' entire case rests on two assertions: (1) that Cathay wrongfully deducted tax withholdings from its employees wages when it withheld FICA and SDI deductions from their paychecks; and (2) that Cathay failed to provide its flight attendants with meal and rest periods required by California law.  On or about February 10, 2017, Cathay filed a Motion to Dismiss plaintiffs' First Amended Complaint, as well as an alternative Motion to Strike portions of plaintiffs' First Amended Complaint on a number of different grounds:

First, plaintiffs' claims predicated on Cathay's tax withholdings are barred by Internal Revenue Code § 7422 and the California Constitution and related statutes.  *See* 26 U.S.C. § 3102(a); *Brennan v. Sw. Airlines Co.*, 134 F.3d 1405, 1411 (9th Cir. 1998), *amended*, 140 F.3d 849 (9th Cir. 1998); Cal. Const. Art. XIII, § 32; Cal. Unemp. Ins. Code § 984; *Woosley v. State of Cal.*, 3 Cal. 4th 758, 789 (1992).

Second, plaintiffs and the putative class members—California-based flight attendants who fly only from LAX or SFO directly to Hong Kong and back—plainly work almost entirely outside California, and such extraterritorial work is not covered by California wage and hour law. *Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1207 (2011); *Tidewater Mar. W., Inc. v. Bradshaw*, 14 Cal. 4th 558, 577 (1996); *see also, e.g., Sarviss v. Gen. Dynamics Info. Tech., Inc.*, 663 F. Supp. 2d 893, 899 (C.D. Cal. 2009); *Ward v. United Airlines, Inc.*, 2016 WL 3906077, at *3 (N.D. Cal. July 19, 2016).  Plaintiffs' FAC does not (and cannot) allege that Plaintiffs principally perform their work inside California, even though this FAC is their second chance to so plead. Cathay is also, contrary to plaintiffs' conclusory assertions that it is "a California employer in

every sense of the word," a Hong Kong airline that is headquartered and based in Hong Kong, not California.  Applying California wage and hour laws such as those pled here to Cathay's flight attendants would also violate the dormant Commerce Clause.  *See United Airlines, Inc. v. Indus. Welfare Comm'n*, 2011 Cal. App. 3d 729, 748-49 (1963), *disapproved on other grounds by IWC v. Super. Ct.*, 27 Cal. 3d 690 (1980).

Third, Plaintiffs cannot maintain a claim for untimely payment of wages under Labor Code section 204 because that statute only addresses timeliness of wage payments, not whether wages were actually paid.  *Johnson v. Hewlett-Packard Co.*, 809 F. Supp. 3d 1114, 1136 (N.D. Cal. 2011).  Plaintiffs do not and cannot allege that Cathay has paid wages on incorrect pay days.  Moreover, the Labor Code does not provide a private right of action under Section 204.  *Id.*

Fourth, Plaintiffs cannot maintain a claim for unlawful deductions under Labor Code sections 221 and 223 for Cathay's withholding of taxes as an agent for the government, about which the employees knew and to which they consented.  Section 221 prohibits employers from making secret deductions or "kickbacks," and there is no assertion that Cathay did so here.  Moreover, the Labor Code does not provide a private right of action under Sections 221 and 223, nor are penalties under section 210 recoverable by private individuals.

Fifth, there was no oral or implied contact between Cathay and the Plaintiffs and/or putative class members guaranteeing their eligibility for Social Security benefits and, in any case, Plaintiffs seek to enforce an unlawful contract.

Sixth, this action is not suitable for class certification because, *inter alia*, individualized issues of fact predominate concerning the allegations and defenses (which are, or may be, different as to each member of the putative class).

Seventh, Plaintiffs and/or any putative class members have not been damaged, nor are they entitled to damages or any other type of relief.

Cathay reserves the right to assert additional defenses that may be revealed during the discovery process.

III.    **DISPUTED LEGAL ISSUES**

   A.    **Plaintiffs' Position:  Plaintiffs believe that the legal issues in the case are as follows:**

1) Whether Defendant failed to provide Plaintiffs and other putative class members with meal periods or compensation in lieu therefor, as contemplated and required by Cal. Lab. Code §§ 226.7, 512, IWC Wage Order No. 9; Cal. Code Regs., tit. 8, § 11090;

2) Whether Defendant failed to provide or permit Plaintiffs and other putative class members to take rest periods, as contemplated and required by Cal. Lab. Code §§ 226.7, IWC Wage Order No. 9; Cal. Code Regs., tit. 8, § 11090;

3) Whether Defendant failed to provide Plaintiffs and other putative class members with all wages earned in a timely manner pursuant to California Labor Code section 204;

4) Whether Defendant knowingly and intentionally failed to comply with itemized employee wage statement requirements, as contemplated and required by Cal. Lab. Code §§ 226, 1174, 1175, IWC Wage Order No. 9, Cal. Code Regs., Title 8 § 11040;

5) Whether Defendant failed to pay Plaintiffs and other putative class members all wages due at the time of termination from employment, as contemplated and required by Cal. Lab. Code §§201-203;

6) Whether Defendant breached its contracts with Plaintiffs and other putative class members by failing to make Plaintiffs' employment (and the employment of other putative class members) eligible for Social Security and Medicare benefits;

7) Whether Defendant made illegal and unauthorized deductions from Plaintiffs' earned wages (and the earned wages of other putative class members) by regularly making deductions for FICA and SDI payments;

8) Whether Defendant violated Unfair Competition Law, as contemplated by California Bus. & Prof. Code § 17200 et seq.;

9) Whether Plaintiffs and other aggrieved employees are entitled to civil penalties pursuant to the PAGA (California Labor Code section 2699 *et seq.*).

1

2      **B.     Cathay's Position:**

3          Cathay disagrees with Plaintiffs' characterization of the facts and legal issues of this

4      case, and anticipates that the following legal issues will arise:

5          (1)     Whether Plaintiffs' and/or the putative class members' claims predicated on

6      Cathay's FICA withholdings from their wages are preempted and/or barred by 26 U.S.C. § 7422.

7          (2)     Whether Plaintiffs' and/or the putative class members' claims predicated on

8      Cathay's SDI withholdings from their wages are barred by Article XIII, Section 32 of the

9      California Constitution, as implemented by the California Unemployment Insurance Code.

10         (3)     Whether Plaintiffs' and/or the putative class members' wage and hour  claims are

11     based on California statutes that do not apply because plaintiffs and the putative class members

12     work principally outside of California.

13         (4)     Whether applying California wage and hour law to the Plaintiffs and/or putative

14     class members at issue here would result in a violation of the dormant Commerce Clause.

15         (5)     Whether Cathay entered into any oral or written contract with Plaintiffs and/or the

16     putative class members guaranteeing their eligibility for Social Security and Medicare benefits.

17         (6)     Whether Plaintiffs seek to enforce an illegal contract.

18         (7)     Whether Labor Code section 204 applies to claims for unpaid wages where there is

19     no allegation that Cathay failed to maintain appropriate pay days each month.

20         (8)     Whether Labor Code section 221 and 224 claims can apply to an employer's tax

21     withholdings.

22         (9)     Whether Labor Code sections 204, 221 and 224 provide litigants with a private

23     right of action to sue.

24         (10)    Whether penalties under Labor Code sections 210 and 225.5 can be recovered by a

25     private right of action.

26         (11)    Whether Plaintiffs and/or the putative class members have standing to bring any

27     FICA/SDI-predicated claims under the Unfair Competition Law because they cannot establish an

28     entitlement to any relief.

(12)    Whether Plaintiffs and the putative class members have standing to bring any breach of contract claim against Cathay because they lack damages.

## IV.    PRIOR, PENDING, AND FUTURE MOTION PRACTICE

There are currently two motions pending before the Court.  On February 10, 2017, Cathay moved to dismiss the First Amended Complaint and alternatively moved to strike portions of the First Amended Complaint.  Plaintiffs opposed both motions, and the motions  are currently scheduled to be heard on April 4, 2017.

### A.    Plaintiffs' Position:

After pre-class-certification discovery has been completed, Plaintiffs will be filing a motion for class certification.  To the extent there are discovery disputes, Plaintiffs may file a motion to compel.  Plaintiffs also may file a motion for summary judgment or adjudication.

Plaintiffs do not agree and object to the piecemeal litigation procedure described by Cathay below in which discovery is completed in phases addressing narrow issues requiring the parties to, for example, take multiple depositions of the same people on different issues. Plaintiffs further object to an early summary judgment motion addressing a narrow issue.  As Plaintiffs understand it, Cathay's proposal is inconsistent with this Court's Scheduling Notes and Standing Order, which calls for all case-dispositive motions in a case to be briefed and heard together, on the case-dispositive motion hearing cut-off date or earlier date agreed upon by the parties.  Further, under this Court's Scheduling Notes and Standing Orders, "[i]f Plaintiffs do not file a motion for summary judgment, Defendants may file one 5 weeks before the case-dispositive motion hearing cut-off date…"  Cathay's request does not comport with this Court's standing orders or an orderly and efficient litigation process.

There is no justification for the disjointed and inefficient discovery process described by Cathay describes.  Plaintiffs would be severely prejudiced by having to sit for multiple duplicative depositions and having to notice and take the same person's deposition more than once on different issues.  Moreover, Defendant has no right to file serial, piecemeal motions for summary judgment and should instead present all of their legal defenses and arguments in a

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

comprehensive summary judgment motion. *See, e.g., ASUS Computer Int'l v. Round Rock Research, LLC*, 2013 U.S. Dist. LEXIS 145824, *10 (N.D. Cal. Oct. 8, 2013) ("Going forward, the Court encourages both parties to file a single dispositive motion, if any, rather than seriel, piecemeal motions."); *see also Cole v. Convergys Customer Mgmt. Group*, 2013 U.S. Dist. LEXIS 50673, *2-3 (D. Kan. Apr. 9, 2013) ("A party should ordinarily submit only one motion for summary judgment which contains all arguments and evidence in support of a judgment in favor of the moving party, so as to avoid a piece-meal approach to a multiple claim suit. As this Court has previously noted, filing summary judgment motions seriatim on one's own initiative not only makes 'the court's task of shuffling paperwork more complex,' but also permits 'any number of permutations of the page-limitation rule, all of which would be sure to be exploited by creative counsel more frequently than desired by the court or warranted by the circumstances.")

      **B.**    **<u>Defendant's Position:</u>**

          1.    In the event the wage and hour claims in the FAC are not dismissed, the next step in this case should be to provide a brief period of discovery narrowly targeted at the issue of whether Plaintiffs and the putative class members principally perform their work for Cathay outside of California, followed by an early motion for summary judgment directly aimed at resolving that question.  Cathay contends that such discovery will demonstrate that Plaintiffs work principally outside California and that, even under the multi-factor approach advocated by the Plaintiffs in their opposition to Cathay's Motion to Dismiss, the California wage and hour laws at issue here do not apply.

      Cathay recognizes that, under the Court's Scheduling Notes and Standing Order, "[a]bsent permission from the Court, all case-dispositive motions in a case will be brief and heard together, on the case-dispositive motion hearing cut-off date, or on an earlier available date agreed to by the parties."  Given the circumstances here—in which resolving the issue of extraterritoriality has the strong potential to resolve all or a major portion of the case quickly and efficiently—good cause exists for an early motion without prejudice to Cathay's filing a later summary judgment

motion addressing its other defenses.  Cathay has suggested a schedule below for the filing of its proposed early summary judgment motion.

2.     Cathay intends to oppose Plaintiffs' motion for class certification, and it may seek to file a motion to deny class certification as well.  Cathay may also file other discovery-related motions as necessary.

## V.   AMENDMENT OF PLEADINGS

### A.   Plaintiffs' Position:

Currently, the Plaintiffs do not anticipate adding any additional parties to this action or filing amended pleadings.  As information is gathered through discovery, however, it may lead to the need to amend the complaint to add new parties or claims. Therefore, Plaintiffs request that the Court make the deadline to amend the pleadings and/or add additional parties coextensive with the discovery cut-off deadline.

### B.   Cathay's Position:

Cathay objects to Plaintiffs' request to make their deadline to amend the FAC to add new parties or claims coextensive with the discovery cut-off.  The purpose of discovery is to investigate the claims alleged in this action, not to fish for additional claims and additional clients.  It would be extremely inefficient and burdensome if Plaintiffs were permitted to have until the end of discovery to amend their FAC to add additional claims and/or parties (of which Cathay will not be aware until the discovery cut-off and thus will not have taken discovery with respect to those new claims and/or parties).  Accordingly, Cathay requests that the deadline to amend the FAC to add parties or additional claims be set for 21 days after the Court rules on Cathay's Motion to Dismiss.

## VI.   EVIDENCE PRESERVATION

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred about reasonable and proportionate steps to take to preserve evidence relevant to the issues reasonably evident in this action.

Plaintiffs contend that an "obligation to preserve evidence arises when the party has notice that the evidence is relevant to the litigation or when a party should have known that the evidence may be relevant to future litigation." *Apple Inc. v. Samsung Electronics Co.*, 888 F.Supp.2d 976, 991 (N.D. Cal. 2012). Consistent with this obligation, Plaintiffs have requested that Defendant take immediate action to preserve all documents, tangible things, and electronically stored information ("ESI") that may contain evidence relevant to the above entitled action.

Cathay has reviewed the ESI Guidelines and has taken reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action by placing a litigation hold on documents and ESI relevant to the subject matter of this litigation, including, without limitation, electronic databases, internal and external emails and systems, and hard copy documents.

The Parties have agreed to hold off on fully meeting and conferring on ESI discovery until after the pleadings are set and Cathay's motion to dismiss is decided.

## VII.   INITIAL DISCLOSURES

The Parties agree that they will complete their initial disclosures on or before April 20, 2017.

## VIII.   DISCOVERY

To date, the Parties have not engaged in discovery.  The Parties have held a Rule 26(f) conference.

### A.   Plaintiffs' Position:

#### 1.   Subjects and Scope of Discovery:

Plaintiffs believe discovery can commence under the timeline set forth in the Federal Rules and there should be no delay based on Defendant's motion to dismiss.  Plaintiffs believe discovery should be conducted on the following issues:

- Defendant's policies and procedures relating to Defendant's meal and rest break policies;
- Defendant's policies and procedures relating to how Defendant compensated employees and when compensation was provided, both during employment and upon termination;

- Plaintiffs' pay stubs and related pay check information regarding whether and how they were compensated while employed with Defendant;

- The deductions that Defendant made from Plaintiffs' earned wages, and the earned wages of other putative class members, and whether Defendant's deductions were legal and authorized;

- Representations made to Plaintiffs and the class and communications between Defendant and class members concerning Plaintiffs' employment, compensation, benefits, meal and rest periods, and wage deductions;

- Plaintiffs' employment history with Defendant.

Plaintiff believes discovery should include, but not be limited to the following documents and information related to the class:

- Any handbooks or employment manuals that covered Plaintiffs' or the putative class members' employment;

- The names, addresses, and phone numbers for the members of the putative class;

- The pay records and/or paycheck stubs for Plaintiffs and the members of the putative class;

- Clock in and clock out records for Plaintiffs and the putative class;

- Punch in and punch out records for Plaintiffs and the putative class;

- Defendant's meal and rest period policies, practices, and/or procedures applicable to Plaintiffs and the putative class;

- Defendant's policies for paying wages during employment and at termination;

- Defendant's policies for wage deductions and the provision of benefits and communications to Plaintiffs and putative class members concerning the same;

- Defendant's expectations of the duties Plaintiffs and other putative class members were expected to carry out during the workday; and

- Plaintiffs' personnel files.

    2.    <u>Proposed Discovery Plan</u>

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiffs believe discovery should commence immediately and that basic written discovery should precede depositions. Plaintiffs do not believe discovery needs to be bifurcated in this matter between certification related discovery and post-certification, merits-based discovery. Moreover, as described more fully in Section IV. A above, Plaintiffs object to the piecemeal litigation procedure proposed by Cathay below in which discovery is completed in phases addressing narrow issues requiring duplicative and disjointed discovery. Plaintiffs believe such a procedures is inconsistent with the Court's standing orders and would lead to inefficiency, delay in the litigation, severe prejudice to Plaintiffs, and a misuse of judicial resources.

If the Court does not bifurcate class and merits-based discovery, Plaintiffs request the Court grant a sufficient amount of time after the Court's ruling on class certification before discovery will close. If, however, the Court is inclined to bifurcate discovery into a certification phase and a post-certification, merits phase, Plaintiffs request the Court allow a sufficient amount of time to conduct and ascertain the bifurcated discovery, taking into account the possibility that discovery in this matter will result in multiple issues the Court will have to weigh in on to resolve. Plaintiffs' Anticipated Pre-Class Certification Discovery (if the Court bifurcates discovery):

Plaintiffs will propound Interrogatories and Requests for Production of Documents relating to Defendant's policies and procedures; the number of putative class members; the name, job title, dates of employment, last known address and phone number of all putative class members; Plaintiffs' personnel files; compensation, payroll, and time recording information for Plaintiffs and other putative class members. Plaintiffs will also need to conduct the deposition of Defendant's Person Most Qualified to testify about Defendant's relevant policies and any percipient and/or expert witnesses Defendant may rely on at the pre-certification phase (including policies regarding meal and rest breaks, wage deductions, and timely payment of compensation during employment and upon termination). Plaintiff may also need to take the deposition of Defendant's Person Most Qualified to testify on areas relating to relevant ESI discovery, human resources, payroll, cabin crew and supervisor training, and compliance with the California Labor Code. Finally, pre-certification depositions will also be taken of any named individual that

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendant may identify in discovery responses who possesses information relevant to certification, as well as of putative class members.  Plaintiff may also depose Defendant's Custodians of Records.

Plaintiff's Anticipated Post-Class Certification Discovery (in the event the Court bifurcates discovery):

Discovery needed in the post-class certification phase will be determined after the Court rules on Plaintiffs' class certification motion.  Post-certification discovery in the event that discovery is bifurcated will also relate to the nature and extent of damages, expert analysis, and class member depositions.

**B.    Cathay's Position:**

As discussed above, the most efficient path to resolution of this case is to first resolve the narrow question of whether the California wage and hour laws at issue here apply to work principally performed extraterritorially.  Cathay thus requests that the Court: (i) allow Cathay to file an early summary judgment motion targeted at that issue; and (ii) in connection with that motion, allow the parties to conduct limited discovery on an accelerated schedule aimed at addressing that issue alone.

In that regard, Cathay anticipates taking limited scope depositions of Plaintiffs regarding that issue (reserving the right to continue the depositions at a later time, if necessary, to address issues other than Plaintiffs' principal job situs), and propounding a limited number of written interrogatories, requests for admission and document requests.  Cathay requests that discovery concerning other merits issues and questions relating to class certification be stayed until after resolution of its proposed early motion for summary judgment.

Cathay opposes Plaintiffs' request for full-blown discovery in connection with class certification or merits issues prior to resolution of Cathay's motion for summary judgment.  Cathay's proposal for accelerated discovery on the very limited issue of the applicability of California law here is designed to save the resources of the Court and of the parties in connection with the considerable discovery that plaintiffs anticipate requesting for their motion for class

certification.    This  purpose  will  not  be  served  if  discovery  on  issues  other  than  the

extraterritoriality issue is taken before resolution of this narrow threshold issue.

In  the  alternative,  Cathay  believes  that  discovery  should  be  bifurcated  between  class

certification and merits discovery.

## IX.    CLASS ACTIONS

This is a proposed class action.  Plaintiffs intend to seek class certification pursuant to

Fed. R. Civ. P. 23 following sufficient class discovery.

### A.    Plaintiff's Position:

Plaintiffs anticipate being prepared to file a class certification motion at the end of January

2018 pursuant to the Court's availability. Plaintiffs propose that Defendant will have 21 days to

oppose  the  class  certification  motion,  and  Plaintiffs  will  have  21  days  to  file  a  reply  to  the

opposition.

As described more fully in Section IV. A and VIII. A. 2 above, Plaintiffs object to the

piecemeal summary judgment procedure proposed by Cathay as inconsistent with the Court's

standing orders, inefficient, prejudicial to Plaintiffs, and wasteful of the Court's resources.

### B.    Defendant's Position:

For  the  reasons  stated  above,  Cathay  believes  that  an  early  summary  judgment  motion

targeted  at  the  issue  of  extraterritoriality  should  take  place  before  any  motions  practice

concerning class certification.  Such a summary  judgment motion will either dispose of the case

in  major  part  if  decided  in  Cathay's  favor  or,  if  Plaintiffs  were  to  prevail  on  the  motion,  the

manner  in  which  they  might  do  so  could  ultimately  underscore  that  the  question  of

extraterritoriality is sufficiently individualized that it makes little sense for plaintiffs to pursue

class certification.

In all events, Cathay does not agree that 21 days to oppose class certification is sufficient,

particularly  in  the  event  Cathay  must  take  additional  discovery  once  the  motion  is  filed.

Accordingly Cathay requests 30 days to oppose class certification.

X.      **RELATED CASES:**

The Parties are unaware of any related cases currently pending.

XI.     **RELIEF SOUGHT:**

A.      **Plaintiffs' Position:**

Plaintiffs seek their own recovery, as well as recovery on behalf of the putative class. At this early stage of the case, Plaintiffs cannot compute a realistic range of potential recovery. Plaintiffs will have a better idea of this after discovery is completed.  However, Defendant's Notice of Removal states that the amount in controversy is over $5,000,000. Plaintiff's Complaint asserts causes of action against Defendant for various violations of California Labor Code and California Business and Professions Code § 17200, et seq.  Plaintiffs seek penalties/damages, statutory premium pay for missed meal and rest periods, waiting time penalties, restitution, injunctive and declaratory relief, and attorneys' fees for the violation of these statutes.

B.      **Defendant's Position:**

Cathay does not seek damages at this time, but may seek to recover its attorneys' fees and costs expended in the defense of this matter.

Cathay responds to plaintiffs' position regarding the relief sought as follows:

(1)     Cathay has not filed any Notice of Removal, nor has it elsewhere stated the amount in controversy as asserted by Plaintiffs above.

(2)     As explained in Cathay's Motions, there is no private right of action under Labor Code sections 204, 221 or 224, nor are individual employees entitled to collect penalties under Labor Code sections 210 or 225.5.

(3)     It is unclear which "damages" or "restitution" plaintiffs conclusorily assert they are seeking, as they have affirmatively disclaimed any recovery of the FICA and SDI taxes that Cathay withheld from their wages and have failed to identify any other damages  that could be available.

(4)     Plaintiffs have failed to sufficiently allege any damages in connection with their breach of contract claim and their FICA and SDI-predicated UCL claim.

XII. **SETTLEMENT AND ADR**

The Parties have complied with ADR Local Rule 3-5 and have met and conferred regarding ADR options in this case. The Parties have not agreed on a particular ADR mechanism at this point. The court ADR officer, Howard Herman, has scheduled a further ADR conference on April 18, 2017 (ECF No. 31).

    A. <u>Plaintiffs' Position:</u>

Plaintiffs are amenable to attending ADR in this matter, including private mediation.

    B. <u>Cathay's Position:</u>

ADR would be premature at this time because neither the preemption nor the extraterritoriality issues have been resolved. Once they are resolved in whole or in part, Cathay would be open to considering ADR options, particularly private mediation.

XIII. **CONSENT TO MAGISTRATE JUDGE**

Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. ___ Yes  <u>X</u>  No.

XIV. **OTHER REFERENCES**

The Parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

XV. **NARROWING OF ISSUES**

    A. <u>Plaintiffs' Position:</u>

Plaintiffs do not request bifurcation or any other phasing at this time.

    B. <u>Cathay's Position:</u>

As described above, the Court's rulings on Cathay's Motion to Dismiss/Motion to Strike, on Cathay's potential Motion for Summary Judgment and, if the case proceeds further, on Plaintiffs' class certification motion will result in the narrowing of issues and the most efficient resolution of this case, as will bifurcation of discovery between class certification issues and merits issues.

**XVI.   EXPEDITED TRIAL PROCEDURE**

    **A.**     **Plaintiff's Position:**

This case is not appropriate for the Expedited Trial Procedure of General Order No. 64 Attachment A.

    **B.**     **Cathay's Position:**

As with many other issues in this case, whether trial can be expedited will depend on the Court's ruling on Cathay's Motion to Dismiss/Strike, on Cathay's requested Motion for Summary Judgment, and on Plaintiff's class certification motion.  Cathay suggests that the Court hold a further Case Management Conference after the Court issues its ruling on Cathay's Motion for Summary Judgment, if necessary.

**XVII.  SCHEDULING**

    **A.**     **Plaintiffs' Position:**

Should the Court decide to set dates at this time, Plaintiffs request that the Court set their deadline to file their class certification motion in January 2018. Plaintiffs request that the Court set a case management conference after its ruling on Plaintiffs' motion for class certification at which time trial and related dates can be set.  Should the Court decline to do this, Plaintiffs further request that the trial date be set in late August 2018.  Plaintiffs object to the schedule outlined by Cathay below on the basis that it is inconsistent with this Court's standing orders and the interests of conserving judicial and party resources. *See*, *supra*, Section IV. A and VIII. A. 2.

    **B.**     **Cathay's Position:**

Cathay proposes the following schedule in connection with its early Motion for Summary Judgment ("MSJ"):

- Deadline to complete limited MSJ-related discovery: July 14, 2017
- Cathay's deadline to file MSJ:  August 4, 2017
- Plaintiffs' deadline to file response to MSJ:  August 25, 2017
- Cathay's deadline to file reply in support of MSJ:  September 8, 2017
- Hearing on Cathay's MSJ:  September 26, 2017

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Cathay respectfully requests that the Court hold a further Case Management Conference shortly after Cathay's Motion for Summary Judgment is resolved, if necessary, to address any further scheduling issues, including with respect to plaintiffs' motion for class certification.

**XVIII. TRIAL**

     **A.**     **Plaintiffs' Position:**

This case will be tried to a jury. Plaintiffs estimate the trial will be approximately 15-20 days in length.

     **B.**     **Cathay's Position:**

As with many other topics in this Case Management Statement, the length of trial, if any, will largely be determined by the Court's ruling on Cathay's Motion to Dismiss/Strike, Cathay's MSJ, and/or Plaintiffs' Motion for Class Certification.

**XIX.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

On November 3, 2016, Plaintiffs filed their Certification of Interested Entities or Persons required by Civil Local Rule 3-15. Plaintiffs confirmed in their Certification that other than the named Parties on their own behalf and on behalf of the prospective class, they do not know of another person or business entity with financial or other substantial interests in the case. This continues to be true even after amendment of the complaint which added additional class representatives.

On November 23, 2016, Cathay filed its Certification of Interested Entities or Persons required by Civil Local Rule 3-15. Cathay certified that the following listed persons, association of persons, firms, partnerships, corporations (including parent corporations) or other entities: (i) have a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) have a non-financial interest in the subject matter or in a party that could be substantially affected by the outcome of this proceeding:

- Stockholders of Cathay Pacific Airways Limited. ("Cathay Pacific"), including Swire Pacific Limited, a publicly held corporation traded on the Hong Kong Stock Exchange that owns more than 10 percent of the stock of Cathay Pacific, and Air

China Limited, a publicly held corporation traded on the Hong Kong Stock Exchange that indirectly holds more than 10 percent of the stock of Cathay Pacific.

- China National Aviation Holding Company, a state-owned enterprise of the People's Republic of China, is the parent company of Air China Limited.

- John Swire & Sons Limited and its wholly owned subsidiary John Swire & Sons (H.K.) Limited have an equity interest of more than 50 percent in Swire Pacific Limited.

## XX.   PROFESSIONAL CONDUCT

The attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XXI.   OTHER MATTERS

The parties know of no other matters to discuss.


Pursuant to Civil Local Rule 5-1(i)(3), I, John P. Zaimes, attest that I obtained concurrence in the filing of this document from the signatories.

Dated: March 28, 2017                    **MEDINA McKELVEY LLP**


     */s/ Brandon R. McKelvey*
Alexander M. Medina, Esq.
Brandon R. McKelvey, Esq.
Timothy B. Nelson, Esq.
Representing Plaintiffs MARGARET TUMAMPOS, JONATHAN LAM, CONNIE LAI, on behalf of themselves and all others similarly situated, and on behalf of the general public

1  Dated: March  28, 2017                    **BECK, BISMONTE & FINLEY, LLP**

2
                                            /s/ Alfredo A. Bismonte
3                                           Alfredo A. Bismonte, Esq.
                                            Ronald C. Finley, Esq.
4                                           Jeremy M. Duggan, Esq.
                                            Representing Plaintiffs MARGARET TUMAMPOS,
5                                           JONATHAN LAM, CONNIE LAI, on behalf of
                                            themselves and all others similarly situated, and on
6                                           behalf of the general public

7
   Dated: March  28, 2017                    **MAYER BROWN LLP**
8

9
                                            /s/ John P. Zaimes
10                                          John Zaimes, Esq.
                                            Ruth Zadikany, Esq.
11

12                                          Counsel for Defendant CATHAY PACIFIC
                                            AIRWAYS LTD.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28