IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET TUMAMPOS, JONATHAN LAM, AND CONNIE LAI ON THEIR BEHALF AND OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>CATHAY PACIFIC AIRWAYS LTD.,<br><br>Defendant. | **CASE NO. 4:16-CV-06208-CW**<br>*Assigned for All Purposes:*<br>*Honorable Claudia A. Wilken*<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND REQUIRING SUPPLEMENTAL INFORMATION WITHIN FOUR DAYS**<br><br>Date:           January 9, 2018<br>Courtroom: TBD<br>Time:          2:30 pm<br><br>Action Filed:                              October 26, 2016<br>Amended Complaint Filed: January 27, 2017<br>Trial:                                            Not Yet Set |

On December 4, 2017, Plaintiffs, on behalf of themselves and those similarly situated, applied to the Court for preliminary approval of a class-wide Settlement Agreement ("Settlement Agreement") reached in the above-captioned action, as well as for conditional certification of the requested Settlement Class. Having read and considered the Joint Stipulation of Settlement and Release between Plaintiffs and Defendant (the "Settlement Agreement") and the Addendum to the Settlement Agreement (collectively the "Settlement Agreement"), having considered the proposed methods of notification to the Class, having reviewed the unopposed motion for preliminary approval, as well as the points and authorities and declarations filed in support thereof, and good cause appearing, the Court finds as follows:

1.  The Settlement Class conditionally certified below meets the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a), as well as the predominance requirement of Rule 23(b).

2. The Settlement Agreement, embodying the terms and conditions of the class-wide settlement reached between the parties—as supervised by private mediator the Honorable Judge Lynn Duryee (Ret.)—is within the range that might be finally approved as fair, reasonable, and adequate.

3. Subject to the changes set forth in this Order, the proposed form of Class Notice is adequate, its proposed method of delivery to the Settlement Class constitutes the best practicable notice of the hearing for final approval of the Settlement Agreement, of the terms of the Settlement Agreement, of the amount to be requested for attorney's fees and costs, and of the other matters set forth in the Class Notice. It constitutes valid, due, and sufficient notice to all persons in the proposed Settlement Class, and it complies fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States, and all other applicable laws. The Class Notice is accurate, objective, informative and provides members of the Settlement Class with all of the information necessary to make an informed decision regarding their participation in, or exclusion from, the Settlement and its fairness.

4. The amended proposed order states that Plaintiffs provided the required notice of this Settlement to the Labor and Workforce Development Agency on January 11, 2018. Plaintiffs shall file a declaration in support of this statement within four Court days after the date of this order.

5. Defendant provided required notice of this Settlement under the Class Action Fairness Act to the appropriate state officials on December 15, 2017. Defendant provided the required notice of this Settlement under the Class Action Fairness Act to the appropriate federal officials no later than February 7, 2018.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The terms of the parties' Settlement Agreement are hereby conditionally and preliminarily approved, subject to further consideration thereof at the Final Approval Hearing provided for below. The Court preliminarily finds that the Settlement is within the range that might be finally approved as fair, reasonable, and adequate.

ORDER GRANTING MOTION FOR PRELIM. APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO: 4:16-CV-06208-CW

726489536

2.       On the basis of the findings set forth herein and conditioned on the parties' full compliance with this Order, the Court conditionally certifies the following Settlement Class for settlement purposes only pursuant to Rule 23 of the Federal Rules of Civil Procedure: all current and former California-based Cabin Crew who were employed by Cathay at any time between October 26, 2013 and September 9, 2016. "California-based" means Cathay employees who reside in the United States and regularly work on Cathay flights that either fly out of Cathay's bases in San Francisco or Los Angeles in California or land at Cathay's bases in San Francisco or Los Angeles. "Cabin Crew" means flight attendants.

3.       The Court authorizes notice of the settlement to be disseminated to Class Members pursuant to the terms of the Settlement Agreement.  Subject to the changes described herein, the Court approves as to form and content the Class Notice attached as Exhibit B to the Supplemental Declaration of Timothy Nelson filed on January 26, 2017.  The Court approves as to form and content the Claim Form attached as Exhibit 3 to the Declaration of Timothy Nelson filed on December 5, 2017.  The Court approves the manner of giving notice set forth in the Settlement Agreement. The Class Notice to be sent to all Class Members, as set forth in the Settlement Agreement, is hereby found to be the best practicable means of providing notice under the circumstances and, when sent, shall constitute due and sufficient notice of the proposed Settlement and of the Final Approval Hearing to all persons and entities affected by and/or entitled to participate in the Settlement, in full compliance with the notice requirements of Federal Rule of Civil Procedure 23, due process, the Constitution of the United States, the laws of the State of California and all other applicable laws.

4.       For purposes of settlement only, the Court further conditionally finds that Plaintiffs' Counsel are adequate to serve as Class Counsel and conditionally appoints Alexander Medina, Brandon McKelvey, and Timothy Nelson of Medina McKelvey LLP, and Alfredo Bismonte and Ronald Finley of Beck, Bismonte, & Finley LLP as Class Counsel for the Settlement Class.

5.       Plaintiffs Margaret Tumampos, Connie Lai and Jonathan Lam, are conditionally certified as the representative Plaintiffs for purposes of settlement only.

- 3 -

6. A final approval hearing shall be held before this Court at 2:30 p.m. on the Tuesday, September 18, 2018, at the U.S. District Court for the Northern District of California. At the final approval hearing, the Court will determine (a) whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate; (b) whether a judgement approving the Settlement Agreement and dismissing the Lawsuit should be entered; and (c) whether Class Counsel's attorney's fees and costs and any incentive awards to the Class Representatives should be approved. If the parties seek a change of this date, they must file a stipulation and proposed order before class notice is distributed, so that the revised date may be included in the class notice.

7. No later than thirty-five (35) days before the final approval hearing, Class Counsel shall file a motion for final approval of the Settlement Agreement. No later than 15 days before the deadline for Class Members to object to the Settlement, Class Counsel shall file a motion for approval of their attorneys' fees and costs. The motion for attorney's fees and costs shall be heard on the date set for the final approval hearing.

8. ILYM Group, Inc. is approved and appointed as the Claims Administrator. The Claims Administrator shall administer the Class Notice process pursuant to the procedure outlined in the Settlement Agreement.

9. Any Class Member may object to the Settlement Agreement by submitting a timely written notice of his or her objection to the Settlement Agreement to the Court. The notice of objection shall set forth the Objector's name and address, a detailed statement of the basis for each objection asserted, the grounds on which the Objector desires to appear and be heard (if any) and, if the Objector is represented by counsel, the name and address of counsel. The notice of objection shall further indicate whether the Objector intends to appear at the Final Approval Hearing. If counsel is appearing on behalf of more than one member of the Class, counsel must identify each member of the Class being represented and each such Class Member must have complied with the requirements of this Order. No Class Member shall be entitled to be heard at the Final Approval Hearing (whether individually or through separate counsel hired at his or her own expense) or to object to the Settlement, and no written objections or briefs submitted by any

Class Member shall be received or considered by the Court at the Final Approval Hearing, unless such Class Member's written statement of objections complies with the requirements of this Order, and is timely submitted as set forth herein and detailed in the Class Notice. Any Class Member who seeks to object to the Settlement Agreement and fails to comply with the requirements of this Order will be deemed to have waived any right to object to the Settlement Agreement.

10.  Class Members may request exclusion from the Settlement. Any Class Member who wishes to be excluded must send a written request for exclusion (a form will be attached to the Class Notice) to the Claims Administrator, which must be postmarked no later than 45 calendar days after the date on which the Claims Administrator postmarks the Class Notice mailed to the members of the Class in accordance with the terms of the Settlement Agreement. In order to be effective, this request for exclusion must be made in writing and signed by the individual seeking to exclude him or herself, and shall express the individual's desire to be excluded from the Settlement. It shall also include the individual's name and his/her address and telephone number. Requests for exclusion that do not include all required information, or that are not timely postmarked, will be deemed null, void and ineffective. Class Members may not exclude themselves by filing requests for exclusion as a group or class, but must in each instance individually and personally execute a request for exclusion and timely transmit it to the Claims Administrator in accordance with the terms of the Settlement Agreement. If the Court grants final approval of the settlement, any Class Member who does not properly and timely request exclusion shall be bound by all of the terms and provisions of the Settlement Agreement, the Final Approval Order, the Final Judgment and the releases set forth therein, whether or not such person objected to the Settlement and whether or not such person participated in the Settlement. All Class Members who do not personally, timely and validly request to be excluded will, if the Settlement is approved, be enjoined from proceeding against Defendant with respect to the Released Claims.

11.  Within four Court days after the filing of this order, the parties must file a revised form of Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing, which shall

include the following changes: (1) it shall inform class members how they may challenge workweek or length of service calculations used in calculating their individual settlement payment; (2) it shall provide a location on a website hosted by Class Counsel or the Claims Administrator where class members may view the settlement agreement, Class Counsel's request for attorneys' fees, costs and incentive awards and the motion for final approval, and any other pertinent papers, shall inform class members that they also may view these papers via the Court's electronic filing system, and shall remove the statement that these documents may be found "on the Court's website"; (3) it shall remove the requirement that class members provide the last four digits of their Social Security Number, because this information should not be necessary in light of Defendants' knowledge of the names and addresses of the class members; (4) it shall reflect the schedule set forth in this order; and (5) it shall include any change requested by the parties to the date of the Final Approval Hearing.

12. The Court authorizes the distribution of the proposed form of Class Notice to members of the Class by adopting the following schedule:

| Event | Timing |
| --- | --- |
| Class Notices mailed to Class Members | No earlier than 10 and no later than 17 calendar days after the entry of this Order |
| Deadline for Class Members to raise any challenges to the workweek calculations or length of service calculations used in calculating their Individual Settlement Payment with the Settlement Administrator | Thirty (30) calendar days after the Settlement Administrator postmarks the Notice to Class Members |
| Deadline for Motion for Attorneys' Fees, Costs and Incentive Awards | 15 days before the deadline for Class Members to object to the Settlement |
| Deadline for filing Request for Exclusion or Objections to the Settlement | 45 calendar days after the date the Claims Administrator postmarks the Class Notices to the members of the Class |
| Deadline for Parties to file written responses to any objections | 14 days before the Final Approval Hearing |

726489536

| Event | Timing |
|---|---|
| Final Approval Hearing | Tuesday, September 18, 2018<br><br>Not earlier than one-hundred (100) calendar days after the date the Motion for Preliminary Approval was filed with the Court |

13. The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the final approval hearing without further notice to Class Members.

14. If for any reason the proposed Settlement Agreement is terminated by its terms, or if final approval of the Settlement Agreement does not occur, this Order conditionally certifying the Settlement Class shall automatically be vacated.

**IT IS SO ORDERED.**

DATED: May 2, 2018

_____
Honorable Claudia A. Wilken
United States District Judge