Alexander M. Medina (Cal. Bar No. 222015)
Brandon R. McKelvey (Cal. Bar No. 217002)
Timothy B. Nelson (Cal. Bar No. 235279)
MEDINA MCKELVEY LLP
983 Reserve Drive
Roseville, California 95678
Telephone:  (916) 960-2211
Facsimile:  (916) 742-5488
Email: alex@medinamckelvey.com
        brandon@medinamckelvey.com
        tim@medinamckelvey.com

Alfredo A. Bismonte (Cal. Bar No. 136154)
Ronald C. Finley (Cal. Bar No. 200549)
Joseph A. Greco (Cal. Bar. No. 104476)
BECK, BISMONTE & FINLEY, LLP
150 Almaden Boulevard, 10th Floor
San Jose, California 95113
Telephone:  (408) 938-7900
Facsimile:  (408) 938-0790
Email: abismonte@beckllp.com
        rfinley@beckllp.com
        jgreco@beckllp.com

Attorneys for Plaintiffs
MARGARET TUMAMPOS,
JONATHAN LAM, and CONNIE LAI on
their behalf and others similarly situated

## IN THE UNITED STATES DISTRICT COURT FOR THE

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET TUMAMPOS, JONATHAN LAM, AND CONNIE LAI ON THEIR BEHALF AND OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>CATHAY PACIFIC AIRWAYS LTD.,<br><br>Defendant. | **CASE NO. 4:16-CV-06208-CW**<br>*Assigned for All Purposes:*<br>*Honorable Claudia A. Wilken*<br><br>**DECLARATION OF ALEXANDER M. MEDINA IN SUPPORT OF UNOPPOSED MOTION FOR AN AWARD OF ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS FOR REPRESENTATIVE PLAINTIFFS**<br><br>Date:          September 18, 2018<br>Courtroom:  TBD<br>Time:          2:30 pm<br><br>Action Filed:                    October 26, 2016<br>Amended Complaint Filed: January 27, 2017<br>Trial:                              Not Yet Set |

- 1 -



DECLARATION OF ALEXANDER M. MEDINA ISO PLAINTIFFS' UNOPPOSED MOTION FOR AN
AWARD OF ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS; CASE NO: 4:16-CV-06208-CW

I, Alexander M. Medina, declare as follows:

1.      I am an attorney at law licensed to practice before all courts in the State of California, and the United States District Court for the Northern District of California.  I am a partner at Medina McKelvey LLP, counsel of record for the Plaintiffs and the putative class in the above-entitled action.  I have personal knowledge of the matters set forth herein, except as to those matters stated on information and belief, and as to those matters, I believe them to be true.  If called upon as a witness to testify upon the matters stated herein, I would be competent to do so.

## I.      Case Background

2.      Defendant Cathay in 2006 started hiring California-based flight attendants and upon employment, regularly and systematically withheld from the wages of these employees Social Security payments (FICA) as well as California State Disability Insurance payments (SDI).  In September 2016, Cathay notified those employees that it recently learned that since Cathay was based in Hong Kong and the airplanes operated by these flight attendants were non-American vessels, these Cathay employees were not authorized to make FICA or SDI contributions.  Accordingly, these California-based flight attendants would not be entitled to benefits under those governmental programs.  Cathay did, however, state that it would return to the California-based flight attendants payments they made under SDI as well as provide some assistance in seeking refunds of previous FICA contributions.

3.      Plaintiff Margaret Tumampos commenced this action on October 26, 2016.  Plaintiff's Complaint alleged the following claims:  (1) violations of the Fair Labor Standards Act for unlawful deductions from wages and kickbacks; (2) failure to pay all wages due pursuant to California Labor Code sections 221 and 223; (3) unlawful and unauthorized deductions from wages in violation of Labor Code section 221; (4) failure to timely wages during employment in violation of Labor Code section 204; (5) failure to provide accurate, itemized wage statements in violation of Labor Code section 226; (6) failure to pay all wages due at the time of termination in violation of Labor Code sections 201–203; (7) failure to pay contracted wages in violation of Labor Code section 223; (8) conversion; (9) promissory estoppel; (10) failure to provide meal periods; (11) failure to provide rest periods; and (12) unfair business practices.  Plaintiff sought relief on her own

- 2 -

behalf and on behalf of a class of Defendant's cabin crew, flight attendant, or similar titles who were employed by Defendant in California going back four years.  The central allegations in the Complaint were that Defendant illegally and unlawfully deducted FICA and SDI taxes from the wages of Cathay's California-based cabin crew and flight attendants.  Plaintiff also alleged that Cathay did not provide Class Members meal and rest breaks pursuant to California law.

### A. Defendant Moved to Dismiss and/or Strike the Original Complaint.

4.    On January 6, 2017, Defendant filed a Motion to Dismiss the Complaint.  Defendant also concurrently filed a Motion to Strike certain allegations in the Complaint.  Defendant's motions made two principal arguments: (1) all Plaintiffs' claims involving the deduction of FICA and SDI taxes were preempted by federal law and barred under California law; and (2) Plaintiffs' meal and rest break claims failed as a matter of law because California's meal and rest break laws do not apply extraterritorially, and Plaintiffs and other class members performed most of their duties outside California on international flights to Hong Kong.

### B. Plaintiff Filed a First Amended Complaint.

5.    After extensive research and revisions, on January 27, 2017, Plaintiff filed her First Amended Complaint ("FAC"), in which she added two additional class representatives, Jonathan Lam and Connie Lai.  The FAC refined the allegations regarding missed meal and rest breaks and added a claim for civil penalties pursuant to the Private Attorneys General Act (the "PAGA") as a result of the alleged violations of the California Labor Code.  Plaintiffs' FAC alleged the following claims: (1) unlawful deductions from wages; (2) failure to provide meal periods; (3) failure to provide rest periods; (4) failure to timely pay wages during employment (due to failure to pay premiums for missed meal and rest breaks and unlawful and unauthorized deductions); (5) failure to provide accurate itemized wage statements (due to failure to pay premiums for missed meal and rest breaks and due to unlawful and unauthorized deductions); (6) pay all wages due at the time of termination (due to the failure to pay premiums for missed meal and rest breaks and due to unlawful and unauthorized deductions); (7) breach of contract; and (8) unfair business practices.

///

///



- 3 -

C. **Defendant Again Moved to Dismiss and/or Strike the First Amended Complaint.**

6.     On February 10, 2017, Defendant filed a Motion to Dismiss and on February 13, 2017, Defendant filed a Motion to Strike with respect to the FAC.  These motions relied on the same principal arguments in the initial Motion to Dismiss and Motion to Strike: claims related to unlawful deductions for FICA and SDI taxes were preempted by federal and state law, and Plaintiffs' meal and rest break claims failed because California's meal and rest break law did not apply extraterritorially.  The parties extensively briefed these issues.  Defendant's opening briefing amounted to a total of 33 pages.  Plaintiffs' opposition briefing amounted to 41 total pages. Defendant's reply briefing totaled 22 pages.

7.     The Court heard Defendant's Motion to Dismiss and Motion to Strike on April 4, 2017.  Following the hearing, the Court issued a detailed order on April 25, 2017, granting in part and denying in part the Motion to Dismiss.  The Court dismissed Plaintiffs' meal and rest break claims with leave to amend.  The Court did not dismiss Plaintiffs' remaining Labor Code claims, finding that these claims were not preempted by federal or state law.  The Court's order provided a mechanism for Defendant to seek permission to file an early motion for summary judgment as to whether the remaining Labor Code claims could apply extraterritorially.

In summary, the Court's April 25, 2017 Order stated the following:

- Plaintiffs' claim for breach of contract was dismissed with leave to amend;
- Plaintiffs' meal and rest break claims were dismissed with leave to amend.  Plaintiffs were permitted to amend their meal and rest break claims if they could truthfully allege, without contradicting the allegations in the existing complaint, facts to support a finding that they worked principally in California as well as a finding that Defendant was a California employer.  In the alternative, Plaintiffs were granted leave to amend these claims if they could truthfully allege, without contradicting the allegations in the existing complaint, that Plaintiffs were entitled to relief for meal and rest period violations based only on the work performed in California.

///



- Plaintiffs' eight claim for unfair business practices was dismissed with leave to amend, to the extent the claim was based on the FICA and SDI withholdings.

- Plaintiffs were permitted to proceed on all their Labor Code claims based on the improper FICA and SDI withholdings.

8.     Rather than attempt to amend their pleading once again, Plaintiffs instead chose to move forward with its unlawful deduction claims, as those claims had survived Defendant's preemption argument.  Plaintiffs chose not to amend their meal and rest break claims and instead chose to preserve those claims for appeal, if appropriate.  When Plaintiffs did not file an amended complaint, Defendant filed an answer to the FAC (as modified by the Court's order) on June 8, 2017.

**D.     Defendant Filed a Motion to Certify the Court's Order Denying the Motion to Dismiss for Interlocutory Appeal and to Stay This Action.**

9.     On May 23, 2017, Defendant filed a motion to certify the April 25, 2017 order for interlocutory appeal and to stay the action.  Plaintiffs opposed this motion, and on June 30, 2017, the Court denied Defendant's motion to certify the April 25, 2017 order.

**E.     The Parties Agreed to Attend Private Mediation with the Honorable Lynn Duryee (Ret.) on August 9, 2017 and Conducted Extensive Discovery.**

10.     On January 18, 2017, the parties filed a notice for need for an ADR telephone conference, because the parties could not agree on an ADR process.  An ADR telephone conference was held on January 27, 2017.  At that conference, a further ADR phone conference was scheduled for April 18, 2017, due to the fact that the pleadings were not settled.  On April 17, 2017, the case was referred to private ADR.  The further telephone conference to discuss ADR scheduled for April 18, 2017 was taken off calendar, and the case was referred to private mediation.  Mediation was to be completed by July 31, 2017.  The parties met and conferred regarding a private mediator, and agreed to seek the assistance of the Honorable Judge Lynn Duryee (Ret.) of JAMS to mediate the case.  The parties agreed to the Judge Duryee's earliest availability, which was August 9, 2017.  The parties requested from the Court an extension on the deadline to complete private mediation to August 31, 2017, and the extension was granted.

- 5 -

11.     Plaintiffs propounded extensive written discovery in advance of mediation.   In addition to initial disclosures, Plaintiffs propounded one set of specially prepared interrogatories on May 5, 2017, and one set of requests for production on May 9, 2017.  Plaintiffs served a second set of requests for production of documents on May 31, 2017, and a third set of requests for production of documents on June 7, 2017.   In total, Plaintiffs propounded eight interrogatories directed at basic information regarding the composition of the class that Plaintiffs sought to represent and 108 requests for the production of documents related to Plaintiffs' claims.  The parties met and conferred extensively regarding discovery, particularly with respect to the production of ESI and agreed upon a rolling production, with the most critical documents relating to liability and Plaintiffs' potential damages being produced first.  As a result, Defendant produced, and Plaintiffs reviewed and analyzed, thousands of pages of documents and data, including Plaintiffs' pay records, wage statements, and Defendant's policy and procedure documents.  In addition, Plaintiffs' counsel conducted in-depth interviews of a number of putative class members, researched the developing case law concerning the claims asserted in this case and the potential defenses thereto, and conducted an in-depth analysis of potential class-wide damages.

12.     Once the parties agreed on a mediation date with the Honorable Judge Lynn Duryee, the parties worked cooperatively to prepare for mediation.  Plaintiffs agreed not to seek the contact information for class members, in exchange for responses to the remaining interrogatories that Plaintiffs propounded.   Plaintiffs also agreed to narrow their document requests to email correspondence regarding the decision to deduct FICA and SDI taxes from Class Members' wages, as well other categories of essential documents (regarding Plaintiffs).  These efforts were designed to ensure that the parties had all the information necessary to prepare for a meaningful and informed mediation with Judge Duryee.

**F.     The Parties Participated in a Full-Day Mediation with Judge Duryee.**

13.     On August 9, 2017, the parties attended a full day of mediation with Judge Duryee at the JAMS office in San Francisco.  Plaintiffs Margaret Tumampos, Connie Lai, and Jonathan Lam traveled significant distances to attend the mediation in person.  Defendant had two corporate representatives at the mediation, both of whom traveled from Hong Kong.  The mediation began at

- 6 -

9:30 a.m.   Both sides submitted lengthy mediation briefs to Judge Duryee to prepare for the mediation.   The mediation lasted all day and did not conclude until approximately 8:30 p.m.   The mediation ended when both sides accepted a mediator's proposal for settlement in the amount of $1,900,000.00, and the parties executed a brief Memorandum of Understanding.

## II.   <u>Settlement Terms and Distribution</u>

14.   Under the Settlement, there is a total Settlement Class of 445 and the Class Members will receive average awards of almost $2,800.00.   More than 390 Settlement Class Members will receive settlement amounts in excess of $1,000.00, and more than 300 Settlement Class Members will receive settlement amounts in excess of $2,000.00.   Some Settlement Class Members will receive settlement amounts of nearly $4,700.00.   Moreover, the Settlement terms preserve, without prejudice, the Settlement Class Member's right to seek refunds of previous FICA contributions made over the years to the Social Security program as California-based Cathay flight attendants, including receiving those contributions made on their behalf by Cathay.   Finally, there are no circumstances under which any portion of Cathay's payment will revert to Cathay.

15.   The relief offered through the potential Settlement is significant in light of the considerable risks Plaintiffs faced at trial and on appeal.

16.   Based on our extensive investigation of the underlying allegations—both before the case was filed and over the course of the time expended litigating the case—the informal and formal discovery that Plaintiffs conducted, and our extensive preparations for mediation, I have been able to thoroughly assess the strengths and weaknesses of Plaintiffs' claims against Cathay compared to the benefits of settlement.   It is my opinion that this Settlement is fair, reasonable, and adequate and represents a good result for the Class under the circumstances.   Certain potentially dispositive defenses may apply to various class wide claims.   Despite these defenses, Plaintiffs successfully negotiated a resolution that will provide significant compensation for Cathay's alleged violations of the California Labor Code.   All told, this is an outstanding result, achieved after mediation and upon the parties' acceptance of a mediator's proposal for settlement.

///

///



17.     Class Counsel came armed with considerable experience in litigating wage and hour class actions, and other complex litigation.  Class counsel make their own determinations about the appropriate course of action, taking full account of their fiduciary obligation to the class as a whole.

18.     To date, Class Counsel have advanced all costs incurred in this case.  Similarly, the required legal services have been provided on a contingent-fee basis.  Class Counsel have no conflict of interest with Plaintiffs or any Class Members, and I believe that Class Counsel have, thus far, fairly and adequately represented the interests of the Class.

19.     Class Counsel have substantial experience in class action litigation and are well qualified to represent the Class.  Attached hereto as **Exhibit 1** is a copy of my firm's resume, which includes professional biographies and lists of representative casers for myself and my partners Brandon McKelvey and Timothy Nelson, the three Medina McKelvey attorneys handling this case.

20.     As shown by the biographies attached to this declaration, I have approximately 16 years of experience as an attorney litigating class actions such as this one.  My partner Brandon McKelvey has approximately 17 years of experience as a litigator, and my partner Timothy Nelson has approximately 14 years of experience as a litigator.

21.     There were no discussions regarding Class Counsel's request for attorneys' fees until after agreement was reached on the substantive terms of the Settlement.  Class Counsel has expended in excess of 1,300 hours in this action and their requested attorneys' fee represents a lodestar of 0.73 (approximately), amounting to a negative multiplier.  Class Counsel charges hourly rates between $500 and $600 per hour.  Class Counsel has undertaken representation of the Class on a contingent basis, and the time and resources that we have dedicated to this case have required us to forgo significant other work.  We also took this case at the significant risk of being uncompensated for any of the work undertaken in this case over the past nearly two years and therefore we are deserving of a positive multiplier.  Yet Class Counsel have limited their attorneys' fee request to 30 percent of the Gross Settlement Payment to preserve a significant recovery for Class Members.  Class Counsel's rates reflect the actual and non-contingent hourly rates that they have negotiated and are currently being paid in the equivalent market for working on class action matters.  Further, this negative "multiplier" does not account for the additional hours of work that

will be required to complete and administer the class settlement and otherwise bring this class action to a final conclusion.  Accordingly, based on Class Counsel's requested fee, the proportion of Class Counsel's recoverable attorneys' fees will continue to diminish as the case proceeds.

22.     Below is a chart showing the amount of hours that each attorney at my firm billed to this matter, as well as the attorney's hourly rate.  This chart only includes the attorneys of my firm who were involved in this litigation and does not include support staff that also worked on the case.  The chart was prepared from contemporaneous daily time records regularly prepared and maintained by my firm.

| Attorney | Hourly Rate | Total Hours | Total Fees |
|---|---|---|---|
| Brandon R. McKelvey | $600 per hour | 179.20 | $107,520.00 |
| Alexander M. Medina | $600 per hour | 34.70 | $20, 820.00 |
| Timothy B. Nelson | $500 per hour | 165.10 | $82,550.00 |
| Total: | | 379.00 | $210,890.00 |

The rates used by the attorneys at my firm are supported as reasonable based upon survey information of rates charged in similarly situated complex litigation.

23.     In addition, my firm seeks reimbursement of $6,211.22 in unreimbursed expenses in connection with the prosecution of this Action.  These expenses are detailed in **Exhibit 2** to this declaration and were all incurred in the course of representing Plaintiffs and the putative class in this case.  Over the past nearly two years of litigation, Class Counsel have: filed many pleadings; propounded written discovery; conducted extensive factual and legal research; utilized photocopies, faxing, printing, and postage for pleadings and communicating with Class Members; and paid mediation fees. The expenses incurred in this Action are reflected on the books and records of my firm.  These books and records are prepared from expense vouchers, check records and other source materials and are an accurate record of the expenses incurred.   The total amount of unreimbursed expenses that my firm seeks, combined with the unreimbursed expenses that the Beck, Bismonte & Finley firm seeks, is $9,699.02.

24.     In addition, the proposed Settlement provides for service awards of $10,000 to each of the three Class Representatives, Margaret Tumampos, Jonathan Lam, and Connie Lai.  The Class

- 9 -

Representatives dedicated substantial time and resources to this litigation and greatly assisted Class Counsel in prosecuting this case over the past nearly two years.  Furthermore, they undertook the role of class representative at significant risk and could have been found responsible for considerable taxable case costs associated with this litigation if Plaintiffs were ultimately unsuccessful.  Plaintiffs also have no conflicts of interest with the Class, as they share Class Members' likely desire to receive penalties and damages to which they are entitled.  Additionally, Plaintiffs are committed to pursuing the claims of the Class, and their motivation in pursuing this action has been to seek reimbursement for themselves and the Class and to ensure that Defendant complies with wage and hour requirements.  Class Counsel's request for attorneys' fees, reimbursement of litigation expenses and service awards for the Class Representatives will be discussed in full as part of a separately filed motion prior to the hearing on final approval of the settlement.

**III.    Fairness of the Plan of Allocation**

25.    The plan of allocation was prepared by Class Counsel in such a way as to fairly allocate the recovery among Class Members in accordance with Plaintiffs' theories of potential damages and penalties in the action, length of service, as well as the relative strengths and weaknesses of the claims.

**IV.    Conclusion**

26.    Class Counsel have reviewed the terms of the Settlement with Plaintiffs.  Plaintiffs have concluded that the Settlement represents a fair, reasonable, and adequate resolution of this case.  The Settlement Agreement is comprehensive in its scope, is fair and even-handed in its application, and is of substantial economic benefit to the Class.  Class Counsel also believe the Court should approve the Settlement Agreement as fair, adequate and reasonable.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the forgoing is true and correct and that this declaration was executed on June 18, 2018, in Roseville, California.

*/s/ Alexander M. Medina*
Alexander M. Medina

- 10 -



Exhibit 1



☎ (916) 960-2211

🌐 medinamckelvey.com

✉ alex@medinamckelvey.com

📍 **Main Office**
983 Reserve Drive
Roseville, CA 95678

📍 **Sacramento Office**
455 Capitol Mall, Suite 405
Sacramento, CA 95814

📍 **San Francisco Office**
201 Spear Street, Ste. 1100
San Francisco, CA 94105



### ALEX MEDINA

What should you know before hiring Alex? Here are some highlights.

**View more at MedinaMcKelvey.com**

## BigLaw Experience

Until starting a successful solo practice in January 2013, Alex spent nearly his entire career with large, international firms in Los Angeles and Sacramento, most recently DLA Piper.

## Leading Sacramento Litigator

For four years in a row, Alex's peers voted him as a Northern California Super Lawyers "Rising Star" (awarded to just 2.5% of attorneys in the area) and he was named a "Northern California Super Lawyer" in 2016 and 2017. The Sacramento Business Journal named him to its prestigious 40 Under 40 list for 2016 and included him as one of a select few Sacramento-area lawyers in its "Best of the Bar" list for four straight years.  He has also been named to Sacramento Magazine's "Top Lawyers" list for 2016 and 2017.

## Complex Litigation Expertise

Alex excels in handling cases with complicated and novel legal and factual issues in every area of the law, on both sides of a case.  He's skilled at quickly becoming immersed in the applicable law of a given case as well as at learning his clients' particular business and industry.  He's successfully represented some of the largest companies in California and the United States in multi-million dollar lawsuits.

## Advice and Counsel Experience

Alex is skilled in helping individuals, businesses, and public agencies with advice and problem solving, to help prevent litigation before it happens.  He draws on his 15 years of litigation experience to advise and counsel clients on the nuances of various legal issues, including employment law as well as compliance with various discovery and document production and preservation obligations.

Prior results do not constitute a guarantee, warranty, or prediction regarding the outcome of this matter.






☎ **(916) 960-2211**

🌐 medinamckelvey.com

✉ alex@medinamckelvey.com

📍 **Main Office**
983 Reserve Drive
Roseville, CA 95678

📍 **Sacramento Office**
455 Capitol Mall, Suite 405
Sacramento, CA 95814

📍 **San Francisco Office**
201 Spear Street, Ste. 1100
San Francisco, CA 94105

## Strong Academic Credentials

Alex graduated with honors from UC Berkeley (where he also played alto saxophone in the University of California Marching Band). After leaving Cal, he graduated Order of the Coif from Loyola Law School in Los Angeles, where he was an editor on one of Loyola's three law reviews and competed for two years on a top-ten nationally ranked mock trial team.

*"Few lawyers anywhere can match Alex's litigation skills. And he can flat-out write."*

— David M. Levine
In-House Counsel,
UC Davis Health System

## Accomplished Advocate

Alex has been praised in the legal community for his legal writing, including his unparalleled attention to detail. He has scored many victories for his clients "on the papers." He's also a skilled oral advocate: he's quick on his feet, knows his way around a courtroom, and doesn't lose his temper.

## Innovative Marketing and Branding

His prior firm, Alex Medina Law, took attorney marketing and branding to a different level. Alex blended his own unique style with cutting-edge technology to provide relevant—and often humorous—content in a space usually lacking both. Medina McKelvey is now building on Alex's innovative approach to legal marketing.

## Committed to His Profession

Alex holds and has held numerous leadership positions, including as the past president of the Federal Bar Association, and attorney representative to the Ninth Circuit Court of Appeals (which included planning the annual judicial conference for the Eastern District of California). He's dedicated countless hours to serving clients on a pro bono basis. And he's also a member of the following professional organizations:

- Christian Legal Society (local and national chapters)
- Federal Bar Association (local and national chapters)
- Asian Bar Association of Sacramento
- Sacramento County Bar Association
- Placer County Bar Association
- Roseville Chamber of Commerce
- Secretary and Board Member, Placer Rescue Mission

## Committed to Integrity and to His Community

Alex holds to the highest possible ethical and moral standards in his practice and in his personal life. These convictions lead him to be active in his community and to support numerous local and international charitable organizations. Medina McKelvey donates approximately five percent of its profits to charitable causes and each year helps to donate thousands of meals to the needy in our community in the Lawyers vs.Hunger challenge (www.lawyersvshunger.com.)

## Committed to His Family

Alex has been happily married to his wife of more than 13 years. He's also the proud dad of four ball-throwing, dad-wrestling, Lego-building, book-loving, couch-jumping, vegetable-avoiding young boys.

Prior results do not constitute a guarantee, warranty, or prediction regarding the outcome of this matter.



☎ (916) 960-2211

🌐 medinamckelvey.com

✉ alex@medinamckelvey.com

📍 **Main Office**
983 Reserve Drive
Roseville, CA 95678

📍 **Sacramento Office**
455 Capitol Mall, Suite 405
Sacramento, CA 95814

📍 **San Francisco Office**
201 Spear Street, Ste. 1100
San Francisco, CA 94105



# ALEX MEDINA

My experience is broad and diverse, including all kinds of cases in state and federal courts throughout the country.

View more at **MedinaMcKelvey.com**

- Representing a large hospital system in a $100+ million lawsuit against a county government involving the county's failure to pay for health care services provided to the county's indigent

- Defended a national life insurance company in several bad faith lawsuits (alleging that the insurance company improperly denied coverage)

- Represented a gaming machine manufacturer in a breach of contract case against the Shingle Springs Band of Miwok Indians and its Red Hawk Casino; part of a team that obtained a $30.4 million verdict after a two-month trial

- Represented charities, disabled individuals, and a gaming machine manufacturer in an action enjoining the California Attorney General from enforcing legislation banning electronic bingo machines

- Represented a Hong-Kong based businessman in a multimillion-dollar breach of contract/success fee case against a Las Vegas casino corporation

- Defended a large hospital system in a massive fraud case seeking well over $100 million in damages

- Represented a disabled inmate in a 42 U.S.C. section 1983 civil rights case against prison officials for failure to provide a reasonable accommodation. The Eastern District of California appointed me as trial counsel less than three weeks before trial and I achieved a favorable settlement two days before trial.

- Defended a large Sacramento-area developer in a high-profile dispute over the purchase price of land purchased by a government entity

- Represented several individuals sued and suing for business fraud

- Defended an international bank in two cases alleging aiding and abetting and conspiracy to commit fraud in an alleged tax shelter scheme

- Represented the estate of a deceased music celebrity in a lawsuit against the estate of another deceased celebrity for the violation of California's Right of Publicity statute

- Defended a national toy retailer in a Tennessee class action case involving the alleged sale of lead-based toy jewelry

- Defended two international tire manufacturers in several national product liability lawsuits

- Representing a midwest corporation in a breach of fiduciary and usury action in Sacramento involving multiple defendants and law firms

- Defended a national moving and storage company in several national product liability lawsuits

**See more representative matters on our website at:
medinamckelvey.com/what-weve-done**

☎ **(916) 960-2211**

🌐 medinamckelvey.com

✉ brandon@medinamckelvey.com



📍 **Main Office**
983 Reserve Drive
Roseville, CA 95678

📍 **Sacramento Office**
455 Capitol Mall, Suite 405
Sacramento, CA 95814

📍 **San Francisco Office**
201 Spear Street, Ste. 1100
San Francisco, CA 94105



## BRANDON MCKELVEY

# Top-Notch Employment and Class Action Lawyer Without the Big-Firm Price

**What should you know before hiring Brandon? Here are some highlights.**

**View more at MedinaMcKelvey.com**

## Practice Overview

Brandon's practice is focused on offering clients business-centric solutions to high-stakes employment lawsuits. Brandon has successfully represented some of the largest companies in California and the United States in multimillion-dollar employment lawsuits. Brandon has been named as one of Sacramento Business Journal's "Best of the Bar" 2 years in a row and was featured in their "40 under 40" in 2014. As of 2016, he has also been selected as a Northern California Super Lawyers "Rising Star" (awarded to just 2.5% of attorneys in the area) and he has been named to Sacramento Magazines "Top Lawyers" list. Although Brandon regularly handles all types of employment lawsuits, his practice focuses on three specialties: (1) class action defense, (2) Private Attorneys General Act (PAGA) representative action defense, and (3) employment law counseling and training.

## Experience

Before launching Medina McKelvey LLP, Brandon was a partner in the Labor & Employment Department of Seyfarth Shaw LLP (a top-tier international employment law firm with over 700 attorneys) where he co-led the California Class Action Group, created a popular employment law blog, authored wage and hour and employment law treatises, and regularly spoke on California employment law topics.

## Accomplished Litigator

Before working at Seyfarth Shaw, Brandon was a full-service litigator representing individuals and businesses in a variety of contexts, including class actions and complex business and employment disputes. He has worked on some of the biggest class action cases in California and was a member of the trial team on one of the largest and longest class action trials on record.

## Client Service

Brandon believes client service and effective communication are two of the most important aspects of the attorney-client relationship. Brandon strives to distill cases down to core financial, business, and risk management decisions. He has also developed new ways of communicating with clients that make it easier for them to quickly read emails and stay up to date on large cases and projects. He uses a unique writing style and format to keep communications focused and easy to read, while providing decision points and a clear roadmap for clients.

Prior results do not constitute a guarantee, warranty, or prediction regarding the outcome of this matter.

## Employment Defense

Brandon has defended small, medium, and large busi-nesses in state and federal courts all over California. While he handles all types of employment law cases, he focuses his practice on complex employment litigation, including class actions, representative actions, and high-exposure employment law claims. For more information on the types of cases Brandon handles, visit the "What We Do" page on Medina McKelvey's website, http://medinamckelvey.com.

···········································

## Skilled Class Action Litigator

Brandon has litigated class and representative actions his entire 15-year career and has helped clients defeat class certification on many occasions. He has experience on both sides of the bar, helping him see a case from all angles, assess exposure at the outset of a case, and deliver a range of practical solutions to clients. View a few short videos on employment class action solutions by visiting http://medinamckelvey.com/class-actions.

···········································

## Wage and Hour Defense

Brandon has defended wage and hour class, collective, multi-party, and representative actions in every federal court in California, in every major county in the Central Valley and Bay Area, and on appeal at both the federal and state levels. Brandon has also represented employers dealing with claims, audits, or investigations from federal and state agencies, including the Employment Development Department (EDD), Division of Labor Standards Enforcement (DLSE), and the Department of Fair Employment and Housing (DFEH). In addition to defending wage and hour claims, Brandon has been retained to act as a consultant on wage and hour cases and regularly speaks on this topic.

···········································

## Counseling and Training

Brandon has counseled Fortune 500 companies, large privately held companies, public agencies, medium and small businesses, and franchisees on California employment law compliance, with a focus on California's wage and hour laws. Brandon has developed videos and comprehensive compliance solutions for business on wage and hour issues. He has trained over 1,200 business managers across California on these topics.

## Private Attorneys General Act (PAGA) Defense

Brandon has been at the forefront of defending representative PAGA cases, which are a growing threat to businesses. He has experience defending PAGA actions against many of the plaintiffs' lawyers in California who regularly file these extortion-style lawsuits seeking quick settlements for ticky-tack violations of the California Labor Code. In the process, he has developed innovative and efficient solutions for dealing with these lawsuits.

···········································

## Business Focus

Brandon has handled employment lawsuits, including class and collective litigation, in a wide number of industries. He has a passion for learning the way businesses work and tailoring a legal solution that is right for the client's business and industry. Unlike many BigLaw lawyers, Brandon is a business owner himself and understands the pressures of running a business and balancing risk management and legal compliance at the same time.

···········································

## Innovation

During his career, Brandon started a first-of-its-kind California employment law blog aimed at finding creative ways to deliver practical solutions on issues that employers regularly face, in an easy-to-read format. Brandon has also developed interactive legal and management training on wage and hour issues and regularly counsels businesses on custom-fit compliance solutions for issues related to meal and rest periods, off-the-clock work, employee exempt status classifications, independent contractor classifications, and other topics.

···········································

## Strong Credentials

Brandon graduated from UC Davis School of Law (Executive Editor of the Law Review) where he authored a published law review article that has since been cited by numerous legal journals and courts. He grew up in Southeastern Michigan and graduated from Wayne State University (magna cum laude) in Detroit.

···········································

## Family Commitment

Brandon has been happily married to his wife for over 15 years. He's also the proud dad of a young daughter and two Labrador Retrievers.

Prior results do not constitute a guarantee, warranty, or prediction regarding the outcome of this matter.



☎ (916) 960-2211

🌐 medinamckelvey.com

✉ brandon@medinamckelvey.com

📍 **Main Office**
983 Reserve Drive
Roseville, CA 95678

📍 **Sacramento Office**
455 Capitol Mall, Suite 405
Sacramento, CA 95814

📍 **San Francisco Office**
201 Spear Street, Ste. 1100
San Francisco, CA 94105



# BRANDON MCKELVEY

I have represented a broad range of private companies, public organizations, and individuals in general business and employment litigation with a focus on class actions.

**View more at MedinaMcKelvey.com**

- Defended Central Valley food manufacturer in class action involving hourly plant workers alleging unpaid wages for donning and doffing and meal and rest period violations

- Defended large grocery retailer in statewide class action alleging missed meal and rest periods on behalf of over 5,000 employees

- Defended national staffing company in class action alleging unpaid wages and meal and rest period violations on behalf of over 10,000 hourly workers

- Defended multi-facility nursing and rehabilitation company in statewide class action alleging nursing staff missed meal and rest periods

- Defended national insurance company in statewide class action alleging claims representatives were not paid for off-the-clock work

- Defended large state agency in class and collective hybrid action alleging workers compensation insurance auditors were not paid for off-the-clock work

- Defended national trucking company in federal court in statewide class action alleging misclassification of independent contractor truck drivers

- Defended large construction company in federal court class action alleging unreimbursed business expenses

- Defended education provider in class action case alleging misclassification of instructors

- Defended West Coast warehouse grocery chain in statewide class action alleging warehouse delivery drivers missed meal and rest periods

- Defended California private investigation company in class action alleging meal and rest break, expense reimbursement, and off-the-clock work claims

- Defended large California-based food manufacturer in PAGA representative action involving thousands of employees

- Defended international corporate housing company in class action alleging meal and rest period violations, unreimbursed business expenses, and failure to pay wages

- Defended large national healthcare staffing company in class action alleging missed meal and rest periods

- Defended national construction staffing company in representative PAGA action alleging inaccurate wage statements and improper use of pay cards

Prior results do not constitute a guarantee, warranty, or prediction regarding the outcome of this matter.

- Defended trucking industry manufacturer in class action and PAGA representative action alleging unpaid wages, meal and rest period violations, and other wage and hour violations

- Defended furniture chain in class action and PAGA representative action alleging unpaid commissions and wages

- Defended imaging company in class action and PAGA representative action alleging unpaid work time and inaccurate wage statements

- Defended therapy service provider in statewide representative PAGA action alleging untimely wage payment

- Defended transportation company in statewide class and representative PAGA action alleging unpaid wages and wage statement violations

- Defended large food manufacturer in class action alleging unpaid work time and missed meal and rest periods

- Defended large state agency in class and collective hybrid actions alleging field employees were not paid for off-the-clock work and not paid properly on termination

- Defended California warehousing company in class action and PAGA representative action alleging unpaid time and missed meal and rest periods

- Defended multiple home care franchises in proposed class and representative PAGA actions for unpaid wages

- Defended large food manufacturer in class action alleging unpaid work time

- Defended facility maintenance service company in representative PAGA action alleging inaccurate wage statements

- Defended roofing company in class action and PAGA representative action alleging unpaid wages and other Labor Code violations

- Defended telecommunication service provider in representative PAGA action alleging misclassification of exempt employees and inaccurate wage statements

- Defended healthcare group in large multi-facility wage and hour class action alleging nursing staff missed meal and rest periods

- Defended international manufacturing company in nationwide collective and class action hybrid action alleging misclassification of sales representatives

- Defended West Coast warehouse grocery chain in federal court in multiple class actions alleging misclassification of assistant store managers and missed meal and rest periods

- Defended Central Valley grower in FLSA collective action and multi-plaintiff wage and hour action

- Defended food warehousing company in class action alleging misclassification of supervisors at Central Valley warehouses

- Defended large Central Valley employer in wage hour class action alleging off-the-clock work

- Defended international staffing company in class actions alleging misclassification of independent contractors and meal and rest period violations

- Defended large national mortgage company in nationwide collective and class action hybrid alleging misclassification of outside sales loan officers

Prior results do not constitute a guarantee, warranty, or prediction regarding the outcome of this matter.



☏ (916) 960-2211

🌐 medinamckelvey.com

✉ tim@medinamckelvey.com

📍 **Main Office**
983 Reserve Drive
Roseville, CA 95678

📍 **Sacramento Office**
455 Capitol Mall, Suite 405
Sacramento, CA 95814

📍 **San Francisco Office**
201 Spear Street, Ste. 1100
San Francisco, CA 94105



TIM NELSON

# Experienced Employment, Class Action, and PAGA Defense Lawyer

**What should you know before hiring Tim? Here are some highlights.**

View more at **MedinaMcKelvey.com**

## Practice Overview

Tim has been practicing law in California for over 10 years with an emphasis on employment law, class and representative actions, and complex litigation. He has experience representing clients through all phases of litigation, including class certification, trials, and appeals. His current practice focuses on wage and hour class and collective actions, single-plaintiff litigation, and representative actions brought under the Private Attorneys General Act (PAGA). Tim takes pride in finding the most cost-effective path to victory for his clients.

## Employment Law Experience

Before joining Medina McKelvey, Tim worked at two prominent national law firms, Kaye Scholer LLP and Seyfarth Shaw LLP. He has represented some of the nation's largest employers in all phases of litigation on high-stakes cases, including wage and hour cases brought under both federal and state law, discrimination cases, harassment cases, and retaliation cases. Tim has defended employers in federal court, state court, arbitration, before the California Labor Commissioner, and in investigations conducted by the Economic Development Department (EDD). He has advised employers on all types of employment issues, including wage and hour compliance, termination, leave issues, lawsuit prevention, and employment policies. He has authored blogs on employment topics, provided training to employers, and spoken on employment law topics.

## Class and Representative Actions

Tim's focus is defending clients against class and representative actions. One of the first cases that Tim worked on was a nationwide anti-trust class action. From that moment, Tim found his calling as a class action litigator. Tim has represented clients on both sides of class and representative action litigation. His significant experience allows him to advise his clients on the most efficient and effective way to defend against a class or representative action.

Prior results do not constitute a guarantee, warranty, or prediction regarding the outcome of this matter.



☎ (916) 960-2211

🌐 medinamckelvey.com

✉ tim@medinamckelvey.com



📍 **Main Office**
983 Reserve Drive
Roseville, CA 95678

📍 **Sacramento Office**
455 Capitol Mall, Suite 405
Sacramento, CA 95814

📍 **San Francisco Office**
201 Spear Street, Ste. 1100
San Francisco, CA 94105

## Private Attorneys General Act (PAGA) Defense

For most of his career Tim has been on the front line defending employers against PAGA lawsuits and he has significant experience litigating and resolving these actions. He has litigated dozens of these cases and is familiar with how attorneys for plaintiffs and judges view these cases. He can quickly evaluate PAGA claims and provide guidance to employers on ways to efficiently defend, resolve, and prevent these extortion-style lawsuits.

## Industry Experience

Tim had defended a wide variety of different employers against employment claims in California, including technology giants, retailers, service providers, transportation companies, manufacturers, healthcare providers, agricultural companies, telecommunications companies, and staffing companies. Tim prides himself in understanding each client's business and offering solutions that are best suited for the particular needs of the client. Tim learns businesses quickly and understands how employment laws and lawsuits impact the bottom line. Tim works efficiently to develop the most economical and common sense solution for his clients.

## Strong Credentials

Tim graduated from the University of California Los Angeles School of Law. He served as an editor of the UCLA Law Review and also a managing editor of UCLA's Journal of International Law and Foreign Affairs. He graduated *magna cum laude* from the University of California, Irvine, where he was involved in the campus-wide Honors Program.

## Life Outside the Law

Tim loves spending time with his wife of more than 10 years and his son and daughter. He helps coach his son's Little League team and is involved in his children's school. When Tim is not spending time with his family, he enjoys watching baseball, playing soccer, and playing table tennis.

## Giving Back

Tim is very active in his community and loves to give back. He has helped organize annual days of community service in several local communities and loves to participate in service projects with his family. He has done pro bono work for the Placer Food Bank and is committed to use his legal skills to benefit his community.

Prior results do not constitute a guarantee, warranty, or prediction regarding the outcome of this matter.

Exhibit 2

Medina McKelvey LLP - Expense Report

Date Start: 6/1/2010 | Date End: 6/18/2018 | Clients: Tumampos, Margaret | Matters: Tumampos v. Cathay Pacific | Users: | Group By: Client

| Expense Date | Client | Matter | User | Expense Type | Description | Status | Cost | Bill Price |
|---|---|---|---|---|---|---|---|---|
| **Tumampos, Margaret** | | | | | | | | |
| 11/17/2016 | Tumampos, Margaret | Tumampos v. Cathay Pacific | Alex Medina | Mailing/Postage | Registered mail delivery from the Vernon Downtown post office. | Pending Ticket Close | $17.10 | $17.10 |
| 11/18/2016 | Tumampos, Margaret | Tumampos v. Cathay Pacific | Accounts Payable | Court Fees | Labor and Workforce Development Agency: PAGA claim form filed on November 17, 2016. | Pending Ticket Close | $75.00 | $75.00 |
| 03/19/2017 | Tumampos, Margaret | Tumampos v. Cathay Pacific | Accounts Payable | Professional Fees | Nationwide Legal: Courtesy Copy of Complaint delivered to USDC/Oakland Northern District on 2/27/17. | Pending Ticket Close | $29.75 | $29.75 |
| 04/04/2017 | Tumampos, Margaret | Tumampos v. Cathay Pacific | Brandon McKelvey | Travel/Lodging | UBER roundtrip conveyance to and from Oakland for Hearing on Motion to Dismiss and meeting with co-counsel. UBER charges allow productive travel time and reduce total time billed for travel. | Pending Ticket Close | $225.00 | $225.00 |
| 07/19/2017 | Tumampos, Margaret | Tumampos v. Cathay Pacific | Accounts Payable | Professional Fees | JAMS: Mediation Fee. | Pending Ticket Close | $3,300.00 | $3,300.00 |
| 07/25/2017 | Tumampos, Margaret | Tumampos v. Cathay Pacific | Brandon McKelvey | Travel/Lodging | UBER roundtrip conveyance to and from Suisun City for meeting with co-counsel re Mediation Strategy. UBER charges allow productive travel time and reduce total time billed for travel. | Pending Ticket Close | $294.50 | $294.50 |
| 08/08/2017 | Tumampos, Margaret | Tumampos v. Cathay Pacific | Brandon McKelvey | Travel/Lodging | UBER conveyance to San Francisco for Mediation. UBER charges allow productive travel time and reduce total time billed for travel. | Pending Ticket Close | $45.62 | $45.62 |
| 08/08/2017 | Tumampos, Margaret | Tumampos v. Cathay Pacific | Brandon McKelvey | Travel/Lodging | Boudin meal while traveling to Mediation. | Pending Ticket Close | $17.51 | $17.51 |
| 08/10/2017 | Tumampos, Margaret | Tumampos v. Cathay Pacific | Brandon McKelvey | Travel/Lodging | Courtyard San Francisco Union Square Hotel stay for BRM during Mediation. | Pending Ticket Close | $426.77 | $426.77 |
| 08/10/2017 | Tumampos, Margaret | Tumampos v. Cathay Pacific | Brandon McKelvey | Travel/Lodging | UBER conveyance from San Francisco to Roseville after Mediation. UBER charges allow productive travel time and reduce total time billed for travel. | Pending Ticket Close | $95.37 | $95.37 |
| 08/10/2017 | Tumampos, Margaret | Tumampos v. Cathay Pacific | Brandon McKelvey | Travel/Lodging | Courtyard San Francisco Union Square Hotel stay for Tim during Mediation. | Pending Ticket Close | $428.40 | $428.40 |
| 10/04/2017 | Tumampos, Margaret | Tumampos v. Cathay Pacific | Accounts Payable | Professional Fees | JAMS: Mediation. | Pending Ticket Close | $936.00 | $936.00 |
| 12/29/2017 | Tumampos, Margaret | Tumampos v. Cathay Pacific | Accounts Payable | Professional Fees | Nationwide Legal: Courtesy copy of documents sent to USDC/Oakland Northern District on 12/5/17. | Pending Ticket Close | $93.95 | $93.95 |
| 01/09/2018 | Tumampos, Margaret | Tumampos v. Cathay Pacific | Brandon McKelvey | Travel/Lodging | UBER round trip conveyance from Woodland to Oakland for Tim to attend Hearing on Motion for Preliminary Approval of Case Action Settlement. | Pending Ticket Close | $226.25 | $226.25 |

and to maximize
productive travel
time and reduce
total time billed for
travel.

| | | |
|---|---|---|
| Totals Billable Amounts for Tumampos, Margaret | $6,211.22 | $6,211.22 |
| Grand Total | $6,211.22 | $6,211.22 |